SEYFARTH SHAW LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Julie G. Yap (SBN 243450)
jyap@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:   (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendants
ISLAND HOSPITALITY MANAGEMENT III LLC
AND ISLAND HOSPITALITY MANAGEMENT
LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JOSE MAURICIO PEREZ, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>ISLAND HOSPITALITY MANAGEMENT III, LLC, a Delaware limited liability company; ISLAND HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 through 50,<br><br>                Defendants. | Case No. 2:18-CV-4903<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>Complaint filed:  March 15, 2018 |

46478901v.4

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOSE MAURICIO PEREZ AND HIS COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that defendants ISLAND HOSPITALITY MANAGEMENT III LLC ("Island III") and ISLAND HOSPITALITY MANAGEMENT LLC ("Island") (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. sections 1441, 1446, and 1453, based on Class Action Fairness Act ("CAFA") jurisdiction under 28 U.S.C. section 1332, and remove the above-captioned matter from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California.  Removal is proper for the following reasons:

## I.   BACKGROUND AND PROCEEDINGS IN STATE COURT

1.     On March 15, 2018, Plaintiff Jose Mauricio Perez filed an unverified class-action complaint entitled: "*JOSE MAURICIO PEREZ, individually and on behalf of all others similarly situated, Plaintiff v. ISLAND HOSPITALITY III, LLC, a Delaware limited liability company, ISLAND HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive, Defendants*," designated as Case No. BC698079 in the Superior Court of the State of California for the County of Los Angeles.

2.     Within the Complaint, Plaintiff attempts to assert the following nine causes of action: (1) Failure to Provide Meal Periods (Labor Code sections 226.7 and 512(a), and IWC Wage Order No. 5-2001 section 11); (2) Failure to Provide Rest Periods (Labor Code section 226.7 and IWC Wage Order No. 5-2001 section 12); (3) Unpaid Minimum Wages (Labor Code sections 1194, 1197, and 1197.1, and IWC Wage Order No. 5-2001 section 4); (4) Unpaid Overtime (Labor Code sections 510, 1194, and 1198, and IWC Wage Order No. 5-2001 section 3); (5) Wages Not Timely Paid Upon Termination (Labor Code sections 201-203); (6) Non-Compliant Wage Statements (Labor Code

section 226(a) and IWC Wage Order No. 5-2001 section 7); (7) Failure to Maintain Required Records (Labor Code sections 226 and 1174, and IWC Wage Order No. 5-2001 section 7) (8) Unreimbursed Business Expenses (Labor Code section 2802); (9) Unfair and Unlawful Business Practices (Business & Professions Code section 17200, *et seq.*).

3.      Plaintiff personally served Island III with the Complaint and the Summons on or about May 2, 2018.  Island has no record of being served, but it nonetheless joins this removal.  A true and correct copy of the state court Complaint, Summons, and Civil Case Cover Sheet is attached hereto as **Exhibit A**.

4.      The Complaint seeks to certify a class of "all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment."  (Ex. A, Complaint ("Compl.") ¶ 5).

5.      The Complaint includes myriad allegations against the Defendants, including the following:

- failure to provide Plaintiff and class members with full and timely meal periods. (*Id*. at ¶¶ 15, 17).

- failure to allow Plaintiff and class members to take rest breaks.  (*Id*. at ¶¶ 20-21).

- requiring Plaintiff and class members to work off the clock and to work through meal breaks.  (*Id*. at ¶ 25, 29).

- inaccurately recording the time worked by Plaintiff and class members.  (*Id*. at ¶ 25, 29).

- failure to pay earned overtime wages due to Plaintiff and class members.  (*Id*. at ¶ 29).

- failure to pay compensation due to Plaintiff and class members upon their discharge.  (*Id*. at ¶ 36).

- failure to provide Plaintiff and class members with complete and accurate wage statements.  (*Id*. at ¶ 39).

- failure to maintain records indicating the total daily hours worked by each of their employees, the applicable rates of pay, all deductions, the start and end time of each shift, each work period, and meal periods.  (*Id*. at ¶ 43).

- failure to indemnify Plaintiff and class members for business-related expenses they incurred as a result of their employment.  (*Id*. at ¶ 47).

3

- unlawful and unfair business practices. (*Id*. at ¶ 53).

6.    Defendants deny all material allegations in the Complaint, but treat the allegations as true for purposes of this Notice of Removal.  Defendants have not filed any pleadings or papers in this action prior to this Notice of Removal.  **Exhibit A** constitutes all pleadings, processes, and orders properly served on Defendants in this action.

## II.    TIMELINESS OF REMOVAL

7.    Plaintiff personally served Island III's registered agent for service of process on or about May 2, 2018.  *See* **Exhibit A**.  This Notice of Removal is timely because it is being filed within 30 days of Island III's receipt of the Summons and Complaint and within one year of the commencement of this action.  *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under applicable state law).  No other party has been properly served, but Island joins in this timely removal.

## III.    JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

8.    This Court has original jurisdiction over this action pursuant to the CAFA because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is pleaded as a class action involving more than 100 putative class members, and (3) at least one member of the putative class is a citizen of a State different from Defendants.  28 U.S.C. § 1332(d).

### A. Diverse Citizenship of the Parties

9.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (explaining that to achieve its purposes CAFA provides expanded original diversity jurisdiction for class actions

meeting the minimal diversity requirement in 28 U.S.C. section 1332(d)(2)).  Here, such minimal diversity exists among the parties.  In fact, as set forth below, complete diversity exists between Plaintiff and Defendants.

### 1.  Plaintiff Is a Citizen of California

10.    "To establish citizenship for diversity purposes, a [natural] person must be both (1) a citizen of the United States, and (2) be domiciled in [one] state." *Chamness v. Stonebridge Life Ins. Co.*, Case No. CV09-0780 AHM (JCx), 2009 WL 734137, at *3 (C.D. Cal. Mar. 18, 2008) (denying plaintiff's motion for remand because defendant's removal notice established complete diversity).

11.    A person's domicile is the place in which he or she resides with the intent to remain indefinitely.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."); *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (noting that an individual is a citizen of the state in which he is domiciled; domicile is determined by an individual's (1) residence in a state, and (2) his intent to remain indefinitely).

12.    Citizenship is determined by an individual's domicile at the time the lawsuit is filed.  *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *see also Zavala v. Deutsche Bank Trust Co. Ams.*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").

13.    Here, Plaintiff alleges that he "is a resident of the State of California"  (Ex. A, Compl., ¶ 2, 4).  He further alleges that he was employed by Defendants "at the Hilton Garden Inn in Marina Del Rey, California from approximately April 2017 to August 31, 2017."  (*Id*. ¶ 4.) Indeed, as part of his Application for Employment, Plaintiff listed a California address and maintained a California address on file for purposes of his personnel file, payroll checks, state payroll, and tax withholdings during the period of his

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
CASE NO. 2:18-CV-4903

employment.  Defendants are informed and believe, and on that basis allege, that Plaintiff's last known address is in Los Angeles, California.

14.    Accordingly, Plaintiff was at all relevant times, and still is, a citizen of the State of California.

### 2. Island and Island III Are Not Citizens of California and Are Therefore Diverse to Plaintiff

15.    Island is a citizen of both Delaware and Florida and is not now, and was not at the time of the filing of this action, a citizen of the state of California within the meaning of 28 U.S.C. section 1332(c)(1).

16.    For purposes of diversity jurisdiction under CAFA, "an unincorporated association" need not allege the citizenship of its members, but rather "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (limited liability companies are "unincorporated associations" for purposes of 28 U.S.C. section 1332).  CAFA "abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes . . . ."  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring).  Thus, to determine jurisdiction under CAFA, a limited liability company, need only allege its "principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); *see e.g., Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 684 (9th Cir. 2006) (stating that CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship can be determined only by reference to all of the entity's members") (citations and internal quotations omitted); *Marroquin v. Wells Fargo, LLC*, No. 11–CV–163–L–BLM, 2011 WL 476540 at *2 (S.D. Cal. Feb. 3, 2011) (holding that an LLC is considered an "unincorporated association" in a CAFA case, and "is 'deemed to be a citizen of the State where it has its

principal place of business and the State under whose laws it is organized'") (citing 28 U.S.C. § 1332(d)(10)).

17.    Island is, and has been at all times since this action commenced, a limited liability company formed under the laws of the State of Delaware with its principal place of business in the State of Florida.  Island's principal place of business is Florida because its "nerve center" is located in Florida.  Specifically, Island's corporate headquarters are located exclusively in the State of Florida, and all of Island's executive and administrative functions take place in Florida.

18.    The same is true for Island III, which is, and has been at all times since this action commenced, a limited liability company formed under the laws of the State of Delaware with its principal place of business in the State of Florida.  Like Island, Island III's headquarters are located exclusively in the State of Florida, and all of its executive and administrative functions take place inside that state.

19.    Accordingly, because Plaintiff is a citizen of California and both Island and Island III are not citizens of California, diversity of citizenship exists between Plaintiff and Defendants for purposes of CAFA removal.

### 3. Doe Defendants' Citizenship Must Be Disregarded

20.    The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (doe defendants need not join in removal); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).  Thus, Doe defendants 1 through 50 do not deprive this Court of jurisdiction.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
CASE NO. 2:18-CV-4903

46478901v.4

### B. There Are More Than 100 Putative Class Members

21.    CAFA requires that the aggregate number of members of proposed classes in a complaint be at least 100.  *See* 28 U.S.C. § 1332(d)(5)(B).

22.    Plaintiff purports to represent a putative class of "all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment."  (Ex. A, Compl. ¶ 5).

23.    During the putative class period alleged by Plaintiff, approximately 1,791 non-exempt employees were employed in California, including former employees.

### C. The Amount in Controversy Exceeds the Jurisdictional Minimum Required for CAFA Removal

#### 1. Labor Code section 226

24.    The Complaint alleges that in violation of Labor Code section 226(a), "Defendants have knowingly and intentionally failed to provide, and continue to fail to provide, PLAINTIFF and CLASS MEMBERS with timely and accurate itemized wage statements…"  (Ex. A, Compl., ¶ 39).

25.    Labor Code section 226(e) provides an employee a minimum of $50 for the initial pay period in which a violation occurs, and $100 for each further pay period in which a violation occurs, up to a maximum penalty of  $4,000 per employee.  *See* Cal. Lab. Code § 226(e).  The statute of limitations for penalties under Labor Code section 226 is one year.  *See* Cal. Civ. Proc. Code § 340(a).

26.    During the one year preceding the filing of the Complaint, there were approximately 925 putative class members that worked 15,705 pay periods.  By multiplying the number of pay periods by $100 and subtracting $50 up to a maximum of $4,000, the total amount in controversy for the section 226 claim alone would be **$1,524,400.00**.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
CASE NO. 2:18-CV-4903

46478901v.4

27.    There were no assumptions or estimations made with respect to violation rates in this calculation.  Plaintiff alleges that Defendant knowingly and intentionally provided Plaintiff and class members with uniform wage statements that fail to correctly list the name and address of the legal entity that is the employer.  (Ex. A, Compl., ¶ 39). While Defendant disputes this allegation, this would mean that every wage statement for every class member would have been incorrect.

28.    Therefore, based on the allegations in the Complaint, Plaintiff's inaccurate wage statement claim puts, at least, **$1,524,400.00** in controversy.

### 2.  Labor Code section 203

29.    The Complaint alleges that "Defendants have willfully failed to pay, and continue to willfully fail to pay, accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS" and that "PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203."  (Ex. A, Compl., ¶¶ 36-37).

30.    Labor Code section 203 states that the wages of an employee who quits "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).  The statute of limitations for recovery for waiting time penalties under Labor Code section 203 pay is three years.  *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010) (holding that a three year statute of limitations applied to section 203 claims).  Thus, for determining the amount in controversy, a three-year statute of limitations applies.

31.    1,081 individuals of the 1,791 putative class members are former employees. Plaintiff alleges that he and all putative class members were not paid "all wages earned and due" and are entitled to penalties under Labor Code section 203.  (Ex. A, Compl., ¶¶ 10, 36-37).  Defendants deny that these 1,081 employees were not paid their final wages in a timely manner.  However, taking Plaintiff's allegations as true and without making

any assumptions or estimates regarding violation rates, the amount in controversy for Plaintiff's waiting time penalties claim would be approximately **$3,367,531.20**. [(1,081 former employees) x ($12.98/hour[1]) x (8 hours per day) x (30 days)].

### 3. Labor Code section 1174

32.   Plaintiff claims that Defendants "knowingly and intentionally failed to maintain records" indicating the "total daily hours worked by each employee; applicable rates of pay; all deductions; time records showing when each employee begins and ends each work period; and meal periods." (Ex. A, Compl., ¶ 43.) Plaintiff claims that this was done in order to "deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due[.]" (*Id.*) As such, Plaintiff alleges that every putative class member suffered a violation of Labor Code section 1174(d).

33.   Labor Code section 1174(d) requires employers to maintain payroll records pertaining to their employees for at least three years. Cal. Lab. Code § 1174(d). Labor Code section 1174.5 provides a civil penalty of $500 per violation of section 1174(d). Cal. Lab. Code § 1174.5. A one year statute of limitations applies to claims for penalties under section 1174. *Dalton v. Lee Publ'ns, Inc.*, No. 08cv1072 BTM (NLS), 2009 U.S. Dist. LEXIS 937, at *4 (S.D. Cal. Jan. 7, 2009).

34.   There are approximately 925 non-exempt employees in the putative class for the one year statute of limitations applicable to this claim. Based solely on the allegations in the Complaint and without making any assumptions or estimates regarding violation rates, the total amount in controversy for the section 1174 claim is **$462,500.00** [$500 penalty x 925 putative class members].

35.   Together, and without regard to Plaintiff's other six causes of action, Plaintiff's allegations relating to the California Labor Code section 1174 claim, the California Labor Code section 226 claim, and the California Labor Code section 203

---

[1] This is the average hourly rate of the putative class members.

claim meet the jurisdictional minimum for the amount in controversy, totaling more than **$5,354,431.20**.

### 4. Plaintiff's Remaining Claims

36.     As set forth above, the minimum jurisdictional amount in controversy is met based purely on the allegations in Plaintiff's Complaint regarding each of the three claims detailed above.

37.     However, with respect to the remaining claims, the addition of these would only extend the degree to which the amount in controversy minimum is exceeded.

38.     For example, with respect to Plaintiff's meal break claim, based on the average hourly rate of the putative class members ($12.98) and just one meal break penalty per week the total amount in controversy would be **$1,046,343.76** [(80,612 workweeks[2]) x ($12.98/hour[3]) x (1 violation per week) x (1 hour of premium pay)].

39.     Similarly, with respect to Plaintiff's rest break claim, assuming there was just one rest break penalty per week, the total amount in controversy would be **$1,046,343.76** [(80,612 workweeks) x ($12.98/hour ) x (1 violation per week) x (1 hour of premium pay)].

40.     With respect to Plaintiff's overtime claim, based on the average hourly rate of the putative class members ($12.98) and assuming just one violation per week, the total amount in controversy for unpaid overtime alone would be **$1,921,572.18**.  [(98,694 workweeks[4]) x ($12.98/hour x 1.5 rate of pay) x (1 violation per week)].

41.     Based upon the alleged overtime violations, meal period violations, rest period violations as well as Plaintiff's claims under California Labor Code section 1174, California Labor Code section 226, and California Labor Code section 203, the total

---

[2] During the three year statute of limitations period, putative class members worked approximately 98,694 workweeks.

[3] This is the average hourly rate of the putative class members.

[4] During the four year statute of limitations period, putative class members worked approximately 80,612 workweeks.

1  amount in controversy would be at least **$9,368,690.90**.[5]  If all of Plaintiff's claims are

2  included, there is little doubt the $5,000,000 jurisdictional threshold regarding the amount

3  in controversy is met and exceeded.

### 5.  Attorneys' Fees

4  42.    Plaintiff also seeks attorneys' fees.  (Ex. A, Compl., ¶¶ 1, 26, 31, 41, 44, 48,

5  Prayer for Relief ¶9).  Requests for attorneys' fees must also be taken into account in

6  ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

7  1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in

8  controversy, regardless of whether award is discretionary or mandatory); *Brady v.*

9  *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the

10  law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable

11  estimate of fees likely to be incurred to resolution is part of the benefit permissibly

12  sought by the plaintiff and thus contributes to the amount in controversy").

13  43.    A reasonable estimate of fees likely to be recovered may be used in

14  calculating the amount in controversy.  *See Longmire v. HMS Host USA, Inc.*, Civil No.

15  12-cv-2203 AJB (DHB), 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012 ("[C]ourts

16  may take into account reasonable estimates of attorneys' fees likely to be incurred when

17  analyzing disputes over the amount in controversy under CAFA.") (citing *Brady*, 243 F.

18  Supp. 2d at 1010-11); *Muniz v. Pilot Travel Ctrs. LLC*, No. 2:12-CV-00003-JAM-CKD,

19  2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (attorneys' fees

20  appropriately included in determining amount in controversy).

21  44.    In the class action context, courts have found that 25 percent of the

22  aggregate amount in controversy is a benchmark for attorneys' fees award under the

23  "percentage of fund" calculation and courts may depart from this benchmark when

24  warranted.  *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012)

25  (attorney's fees appropriately included in determining amount in controversy under

---

[5] This does not include the amount in controversy raised by Plaintiff's other claims.

CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach".); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS2011, U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable).

45.    Thus, a reasonable estimate of the attorneys' fees in controversy would be at least 25% of the alleged damages, approximately **$2,450,422.72**.

## IV.   VENUE

46.    Venue lies in the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District.  Therefore, the action is properly removed to this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## V.   NOTICE OF REMOVAL

47.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, as required under 28 U.S.C. section 1446(d).

## VI.   PRAYER FOR REMOVAL

48.    **WHEREFORE**, Defendants pray that this civil action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

13

1    DATED: June 1, 2018                            Respectfully submitted,

2                                                   SEYFARTH SHAW LLP

3

4                                                   By: /s/ Julie G. Yap

5                                                              Brian T. Ashe
                                                              Julie G. Yap

6                                                   Attorneys for Defendants
                                                   ISLAND HOSPITALITY
7                                                   MANAGEMENT III LLC AND
                                                   ISLAND HOSPITALITY
8                                                   MANAGEMENT LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
CASE NO. 2:18-CV-4903

46478901v.4