**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
DEANNA S. LEIFER (SBN 265840)
dleifer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiffs Jose Mauricio
Perez, Cody Taylor, and Jamie
Flemings, individually and on behalf of
all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MAURICIO PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ISLAND HOSPITALITY MANAGEMENT III, LLC, a Delaware limited liability company; ISLAND HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; ISLAND HOSPITALITY MANAGEMENT II, LLC, a Delaware limited liability company; ISLAND HOSPITALITY MANAGEMENT IV, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-4903-DMG (JPRx)<br><br>**FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>1. Failure to Provide Meal Periods<br>2. Failure to Authorize and Permit Rest Periods<br>3. Failure to Pay Minimum Wages<br>4. Failure to Pay Overtime Wages<br>5. Failure to Pay All Wages Due upon Separation<br>6. Failure to Furnish Accurate Itemized Wage Statements<br>7. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>8. Unfair and Unlawful Business Practices<br>9. Representative Action for Penalties under the Labor Code Private Attorneys General Act<br><br>**DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

FOURTH AMENDED CLASS ACTION
COMPLAINT

PLAINTIFFS JOSE MAURICIO PEREZ ("PEREZ"), CODY TAYLOR ("TAYLOR"), and JAMIE FLEMINGS ("FLEMINGS") (collectively, "PLAINTIFFS"), individually and on behalf of all others similarly situated, hereby allege as follows:

## INTRODUCTION

1.     PLAINTIFFS bring this action on behalf of themselves and all other similarly-situated current and former non-exempt employees of defendants ISLAND HOSPITALITY MANAGEMENT III, LLC ("ISLAND III"), ISLAND HOSPITALITY MANAGEMENT, LLC ("ISLAND"), ISLAND HOSPITALITY MANAGEMENT II, LLC ("ISLAND II"), ISLAND HOSPITALITY MANAGEMENT IV, LLC ("ISLAND IV"), and DOES 1 through 10 inclusive (collectively, "DEFENDANTS") in the State of California during the relevant statutory period to recover, among other things, unpaid compensation arising from DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor) as required under California law, unpaid minimum and overtime wages, and unreimbursed business expenses.   PLAINTIFFS also seek penalties, interest, attorneys' fees, costs and expenses, and equitable, restitutionary and injunctive relief.

## JURISDICTION AND VENUE

2.     PEREZ filed this action in the Superior Court of the State of California because PEREZ is a resident of the State of California, and DEFENDANTS are qualified to do business in California and regularly conduct business in California. Furthermore, no federal question is at issue because the claims are based solely on California law.   ISLAND III and ISLAND removed this action to the United States District Court for the Central District of California alleging diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

FOURTH AMENDED CLASS ACTION
COMPLAINT

### THE PARTIES

3.      PEREZ is a resident of the State of California and a former employee of DEFENDANTS.   PEREZ worked for DEFENDANTS as a Front Desk Supervisor at the Hilton Garden Inn in Marina Del Rey, California from approximately April 2017 to August 31, 2017.   PEREZ's hourly rate was approximately $13.00.

4.      TAYLOR is a resident of the State of California and a former employee of DEFENDANTS.  TAYLOR worked for DEFENDANTS as a Cook at the Courtyard by Marriott Paso Robles in Paso Robles, California from approximately February 4, 2017 to May 4, 2018.  TAYLOR's hourly rate was approximately $12.00.

5.      FLEMINGS is a resident of the State of California and a former employee of DEFENDANTS.  FLEMINGS worked for DEFENDANTS at the Hampton Inn and Suites and Homewood Suites in Lancaster, California in the positions of Night Auditor and Front Desk Agent from approximately January 2018 to September 30, 2018.  FLEMINGS's hourly rate was approximately $12.00.

6.      PLAINTIFFS bring this action on behalf of themselves and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").  PLAINTIFFS reserve the right to name additional class representatives.

7.      PLAINTIFFS are informed and believe, and thereon allege, that ISLAND III is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon allege, that ISLAND III is authorized to conduct business in the State of California, and does conduct business in the State of

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3

FOURTH AMENDED CLASS ACTION
COMPLAINT

California.   Specifically, ISLAND III maintains offices and facilities, conducts business, and engages in illegal practices in the County of Los Angeles.

8.    PLAINTIFFS are informed and believe, and thereon allege, that ISLAND is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware.   PLAINTIFFS are further informed and believe, and thereon allege, that ISLAND is authorized to conduct business in the State of California, and does conduct business in the State of California.   Specifically, ISLAND maintains offices and facilities, conducts business, and engages in illegal practices in the County of Los Angeles.

9.    PLAINTIFFS are informed and believe, and thereon allege, that ISLAND II is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware.   PLAINTIFFS are further informed and believe, and thereon allege, that ISLAND II is authorized to conduct business in the State of California, and does conduct business in the State of California.   Specifically, ISLAND II maintains offices and facilities, conducts business, and engages in illegal practices in the County of Los Angeles.

10.    PLAINTIFFS are informed and believe, and thereon allege, that ISLAND IV is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware.   PLAINTIFFS are further informed and believe, and thereon allege, that ISLAND IV is authorized to conduct business in the State of California, and does conduct business in the State of California.   Specifically, ISLAND IV maintains offices and facilities, conducts business, and engages in illegal practices in the County of Los Angeles.

11.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sue such DOE defendants under fictitious names.   PLAINTIFFS are informed and believe, and thereon allege, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFFS and CLASS

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4

FOURTH AMENDED CLASS ACTION
COMPLAINT

MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants.  PLAINTIFFS will seek leave of the Court to amend this Complaint to allege their true names and capacities of such DOE defendants when ascertained.

12.   At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFFS and CLASS MEMBERS.  PLAINTIFFS are informed and believe, and thereon allege, that at all relevant times DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other.  Each defendant was completely dominated by his, her or its co-defendant, and each was the alter ego of the other.

13.   At all relevant times, PLAINTIFFS and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide meal and to pay overtime premiums; failing to provide accurate itemized statements; failing to maintain required records; failing to properly compensate PLAINTIFFS and CLASS MEMBERS for necessary expenditures, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

14.   PLAINTIFFS are informed and believe, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

5

FOURTH AMENDED CLASS ACTION
COMPLAINT

and failures to act were within the course and scope of said agency, employment and/or direction and control.

15.    As a direct and proximate result of DEFENDANTS' unlawful actions, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

16.    This action is appropriately suited for a class action because:

a.    The potential class is of a significant number.  PLAINTIFFS are informed and believe and based thereon allege that, during the CLASS PERIOD, DEFENDANTS employed approximately 1,800 non-exempt employees in the State of California.  Thus, joinder of all current and former employees individually would be impracticable.

b.    This action involves common questions of law and fact because the action focuses on DEFENDANTS' illegal practices and policies, which are applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    PLAINTIFFS' claims are typical of the claims of the class because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d.    PLAINTIFFS will fairly and adequately protect the interests of all CLASS MEMBERS.

e.    A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6

FOURTH AMENDED CLASS ACTION
COMPLAINT

**FIRST CAUSE OF ACTION**

**Failure to Provide Meal Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001 § 11]**

**(Against all DEFENDANTS)**

17.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 16.

18.     During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFFS and CLASS MEMBERS full and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001 § 11.

19.     DEFENDANTS consistently failed to provide PLAINTIFFS and CLASS MEMBERS meal periods.  PLAINTIFFS and CLASS MEMBERS could not take a meal period unless they were relieved by a supervisor or another employee.  However, there often was no one available to relieve PLAINTIFFS and other CLASS MEMBERS for their meal periods until after the fifth hour of work. PEREZ took a meal period after the fifth hour of work approximately two days per week.

20.     Additionally, PLAINTIFFS and CLASS MEMBERS frequently were required to clock out for their meal periods and continue working.  PEREZ clocked out for his meal period and continued working approximately one to two days per week.  When they were able to take a meal period, PLAINTIFFS frequently were interrupted by hotel guests and asked work-related questions.  PEREZ was interrupted during his meal period approximately three to four times per week. PLAINTIFFS also witnessed other CLASS MEMBERS being interrupted during their meal periods.

21.     FLEMINGS was required to sign a meal break waiver.  However, the nature of FLEMINGS's work did not prevent her from being relieved of all duty during her meal periods.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7

FOURTH AMENDED CLASS ACTION
COMPLAINT

22.     PLAINTIFFS and CLASS MEMBERS were not provided second meal periods when they worked shifts over 10 hours.  PEREZ worked a shift over 10 hours approximately four times during his employment and was not provided a second 30-minute meal period during these shifts.

23.     PEREZ's time records reveal that from April 7, 2017 to August 25, 2017, PEREZ worked 26 shifts during which a meal period was recorded after the fifth hour of work and 30 shifts during which a meal period less than 30 minutes was recorded.  However, during this time, PEREZ was only paid 16 meal period premium payments.  PEREZ was not paid any meal period premium payments prior to June 24, 2017.

24.     As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFFS and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001 § 11.

25.     DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 11 by failing to compensate PLAINTIFFS and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

26.     As a direct and proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 5-2001.

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8

FOURTH AMENDED CLASS ACTION
COMPLAINT

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Cal. Labor Code § 226.7; IWC Wage Order No. 5-2001 § 12]

### (Against all DEFENDANTS)

27.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 26.

28.     During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 12.  As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFFS and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely rest periods as required under California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 12.

29.     PLAINTIFFS and CLASS MEMBERS often were unable to take 10-minute rest breaks during their shifts because of the heavy workload and insufficient staffing levels.  PLAINTIFFS and CLASS MEMBERS could not take a rest break unless they were relieved by a supervisor or another employee.  However, often there was no one available to relieve PLAINTIFFS for their rest breaks.   Additionally, PLAINTIFFS and CLASS MEMBERS frequently were required to continue working during their purported rest breaks.  PEREZ was not permitted to take his first or second 10-minute rest break approximately once a week.   TAYLOR was not permitted to take a first 10-minute rest break approximately three to four days per week, and was not permitted to take a second 10-minute rest break approximately two days per week.  FLEMINGS was not permitted to take a first or second 10-minute rest break each shift she worked.

30.     When they were able to take a rest break, PLAINTIFFS frequently were interrupted by hotel guests and asked work-related questions or required to

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

9

FOURTH AMENDED CLASS ACTION
COMPLAINT

return to work.  PEREZ was interrupted during his rest break approximately three to four times per week.  PLAINTIFFS also witnessed other CLASS MEMBERS being interrupted during their rest breaks.

31.    PLAINTIFFS and CLASS MEMBERS were not provided a third 10-minute rest break when they worked shifts over 10 hours.  PEREZ worked a shift over 10 hours approximately four times during his employment and was not provided a third 10-minute rest break during these shifts.

32.    DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 12 by failing to pay PLAINTIFFS and CLASS MEMBERS who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

33.    As a direct and proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 5-2001.

## **THIRD CAUSE OF ACTION**
### **Failure to Pay Minimum Wages**
### **[Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001 § 4]**
### **(Against all DEFENDANTS)**

34.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 33.

35.    Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001 § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

10

FOURTH AMENDED CLASS ACTION
COMPLAINT

36.     During the CLASS PERIOD, DEFENDANTS failed to pay, and continue to fail to pay, PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, suffering, or permitting PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, suffering, or permitting PLAINTIFFS and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time worked by PLAINTIFFS and CLASS MEMBERS; and other methods to be discovered.

37.     During the CLASS PERIOD, PLAINTIFFS and CLASS MEMBERS regularly were required to clock out for meal periods and continue working. Additionally, PLAINTIFFS and CLASS MEMBERS regularly were interrupted during meal periods and asked work-related questions or required to return to work. PLAINTIFFS are informed and believe and based thereon allege that PLAINTIFFS and CLASS MEMBERS were not paid for this time.

38.     DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS worked hours for which they were not compensated.

39.     DEFENDANTS' conduct described herein violates, and continue to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001 § 4.   As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

11

FOURTH AMENDED CLASS ACTION
COMPLAINT

**FOURTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001 § 3]**

**(Against all DEFENDANTS)**

40.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 40.

41.     Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001 § 3, DEFENDANTS are required to compensate PLAINTIFFS and CLASS MEMBERS for all overtime at a rate of one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday and at a rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

42.     During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to compensate PLAINTIFFS and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) times or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001 § 3; requiring, suffering or permitting PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFFS and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time worked by PLAINTIFFS and CLASS MEMBERS; and other methods to be discovered.

43.     During the CLASS PERIOD, PLAINTIFFS and other CLASS MEMBERS regularly worked more than eight hours per day and/or 40 hours per week.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

12

FOURTH AMENDED CLASS ACTION
COMPLAINT

44.     During the CLASS PERIOD, PLAINTIFFS and CLASS MEMBERS regularly were required to clock out for meal periods and continue working. Additionally, PLAINTIFFS and CLASS MEMBERS regularly were interrupted during meal periods and asked work-related questions or required to return to work. PLAINTIFFS are informed and believe and based thereon allege that PLAINTIFFS and CLASS MEMBERS were not paid for this time.  On occasion, PLAINTIFFS and other CLASS MEMBERS should have been compensated for this time at an overtime rate, yet DEFENDANTS failed to do so.

45.     DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS worked hours for which they were not compensated.

46.     In violation of California law, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS overtime wages for all hours worked.  As a direct and proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, resulting in damages in amounts according to proof at time of trial and within the jurisdiction of this Court.

47.     DEFENDANTS' conduct described herein violated, and continues to violate, California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 5-2001 § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the California Labor Code and IWC Wage Order, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

13

FOURTH AMENDED CLASS ACTION
COMPLAINT

**FIFTH CAUSE OF ACTION**

**Failure to Pay All Wages Due upon Separation**

**[Cal. Labor Code § 203]**

**(Against all DEFENDANTS)**

48.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 47.

49.     California Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

50.     PEREZ was discharged on August 31, 2017.  Pursuant to California Labor Code § 201, PEREZ's and other discharged CLASS MEMBERS' wages accrued and unpaid at the time of discharge were due and payable immediately upon discharge.

51.     TAYLOR resigned on May 4, 2018, and FLEMINGS resigned on September 30, 2018.  Pursuant to California Labor Code § 202, TAYLOR's, FLEMINGS's and other quitting CLASS MEMBERS' wages accrued and unpaid at the time of separation were due and payable no more than 72 hours after separation.

52.     DEFENDANTS failed to include in PLAINTIFFS' final paychecks all wages due to PLAINTIFFS, including meal and rest period premium payments to which PLAINTIFFS were entitled and minimum and overtime wages for all hours worked, as alleged herein.

53.     During the CLASS PERIOD, DEFENDANTS willfully failed to pay, and continue to willfully fail to pay, accrued wages and other compensation to PLAINTIFFS and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

14

FOURTH AMENDED CLASS ACTION
COMPLAINT

54.     As a result, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

## SIXTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226; IWC Wage Order No. 5-2001 § 7]**

**(Against all DEFENDANTS)**

55.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 54.

56.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide, and continue to fail to provide, PLAINTIFFS and CLASS MEMBERS with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the inclusive dates of the pay period, the name and address of the legal entity or entities employing PLAINTIFFS and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 5-2001 § 7.

57.     During the CLASS PERIOD, PLAINTIFFS and CLASS MEMBERS suffered injury, and continue to suffer injury, as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFFS and CLASS MEMBERS could not promptly and easily determine from the wage statements alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, the inclusive dates of the pay period, the name and address of the legal entity or entities employing PLAINTIFFS and CLASS MEMBERS, and/or all applicable hourly rates in effect

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

15

FOURTH AMENDED CLASS ACTION
COMPLAINT

during each pay period and the corresponding number of hours worked at each hourly rate.

58.     As a direct and proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.   Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available civil and statutory penalties, including but not limited to penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties

### [Cal. Labor Code § 2802]

### (Against all DEFENDANTS)

59.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 58.

60.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

61.     During the CLASS PERIOD, DEFENDANTS failed to indemnify, and continue to fail to indemnify, PLAINTIFFS and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for cell phones, mileage, uniforms, and other employment-related expenses, in violation of California Labor Code § 2802.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

16

FOURTH AMENDED CLASS ACTION
COMPLAINT

62.   During the CLASS PERIOD, PLANTIFFS and other CLASS MEMBERS were required to use their personal cell phones for work-related purposes.   PEREZ frequently used his personal cell phone to text booking reservations for guests on bus tours and to text reservation forms for town car or limousine companies.   PLAINTIFFS and other CLASS MEMBERS were not reimbursed for cell phone expenses.

63.   During the CLASS PERIOD, PLANTIFFS and other CLASS MEMBERS were required to use their personal vehicles for work-related purposes. PEREZ used his personal vehicle to drop off cash at the bank approximately two times per week.   PLAINTIFFS and other CLASS MEMBERS were not reimbursed for travel-related expenses.

64.   During the CLASS PERIOD, PLANTIFFS and other CLASS MEMBERS were required to purchase uniforms.   TAYLOR purchased 10 black polo shirts in the amount of $24.00 each.   FLEMINGS purchased two shirts in the amount of $15.00 each.   PLAINTIFFS and other CLASS MEMBERS were not reimbursed for uniform expenses.

65.   During the CLASS PERIOD, PLANTIFFS and other CLASS MEMBERS were required to maintain their work uniforms.   PEREZ dry cleaned his work blazer approximately once every two weeks at a cost of approximately $4.00 each time.   PLAINTIFFS and other CLASS MEMBERS were not reimbursed for dry cleaning expenses.

66.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees,

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

17

FOURTH AMENDED CLASS ACTION
COMPLAINT

including those provided in California Labor Code § 2802(c), as well as other available remedies.

## **EIGHTH CAUSE OF ACTION**

### **Unfair and Unlawful Business Practices**

### **[Cal. Bus. & Prof. Code § 17200, et seq.]**

### **(Against all DEFENDANTS)**

67.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 65.

68.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure to provide required meal periods, DEFENDANTS' failure to authorize and permit rest periods, DEFENDANTS' failure to pay minimum wages for all hours worked, DEFENDANTS' failure to pay overtime compensation, DEFENDANTS' failure to pay all wages due to discharged and quitting employees, DEFENDANTS' failure to furnish accurate itemized wage statements; DEFENDANTS' failure to maintain required records, and DEFENDANTS' failure to indemnify PLAINTIFFS and CLASS MEMBERS for necessary expenditures and/or losses incurred in the discharge of their duties, constitute unfair and unlawful business practices under California Business and Professions Code § 17200, et seq.

69.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

70.    DEFENDANTS have avoided payment of minimum wages, overtime wages, meal period premiums, rest break premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.   Further, DEFENDANTS have failed to record,

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

18

FOURTH AMENDED CLASS ACTION
COMPLAINT

report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

71.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFFS, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS and CLASS MEMBERS.

72.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFFS and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFFS and CLASS MEMBERS the wages and other compensation unlawfully withheld from them.  PLAINTIFFS and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but within the jurisdiction of this Court.

### NINTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against All DEFENDANTS)**

73.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 16 and the subparagraphs thereto.

74.     PLAINTIFFS are "aggrieved employees" within the meaning of California Labor Code § 2699(c), and proper representatives to bring a civil action on behalf of themselves and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFFS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFFS.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

19

FOURTH AMENDED CLASS ACTION
COMPLAINT

75.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFFS seek to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210,  226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 5-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802.  Additionally, during the statutory period, DEFENDANTS maintained a policy or practice of paying PLAINTIFFS and other aggrieved employees their earned wages more than seven days following the close of the payroll period, in violation of Labor Code § 204. PLAINTIFFS also are entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

76.     Pursuant to California Labor Code §§ 2699.3, PEREZ gave written notice on February 5, 2018 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to ISLAND III and ISLAND of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than 65 days have passed and the LWDA has not provided notice to PEREZ that it intends to investigate the alleged violations.

77.     Pursuant to California Labor Code §§ 2699.3, FLEMINGS gave written notice on March 21, 2019 by online filing to the LWDA and by certified mail to ISLAND III and ISLAND of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than 65 days have passed and the LWDA has not provided notice to FLEMINGS that it intends to investigate the alleged violations.

78.     Pursuant to California Labor Code §§ 2699.3, TAYLOR gave written notice on April 26, 2019 by online filing to the LWDA and by certified mail to

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

20

FOURTH AMENDED CLASS ACTION
COMPLAINT

ISLAND III and ISLAND of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than 65 days have passed and the LWDA has not provided notice to TAYLOR that it intends to investigate the alleged violations.

79.     Therefore, PLAINTIFFS have complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS, individually and on behalf of all persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.     For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001;

4.     For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders and from engaging in the unlawful business practices complained of herein;

6.     For waiting time penalties pursuant to California Labor Code § 203;

7.      For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code § 226(e) and § 2698-2699.5;

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

21

FOURTH AMENDED CLASS ACTION
COMPLAINT

8.     For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

9.     For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, and 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order certifying this action as a class action;

12.    For an order appointing PLAINTIFFS as class representatives and PLAINTIFFS' counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.


DATED: February 18, 2020            Respectfully submitted,

                                    **MATERN LAW GROUP, PC**


                            By:     _/s/Launa Adolph_____
                                    MATTHEW J. MATERN
                                    LAUNA ADOLPH
                                    DEANNA S. LEIFER
                                    Attorneys for Plaintiffs JOSE MAURICIO
                                    PEREZ, CODY TAYLOR, and JAMIE
                                    FLEMINGS, individually and on behalf of
                                    all others similarly situated

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

22

FOURTH AMENDED CLASS ACTION
COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2       PLAINTIFFS, individually and on behalf of all others similarly situated,

3  hereby demand a trial by jury on all issues so triable.

4

5  DATED: February 18, 2020             Respectfully submitted,

6                                    **MATERN LAW GROUP, PC**

7

8                          By:   */s/Launa Adolph*
                                   MATTHEW J. MATERN
9                                  LAUNA ADOLPH
                                   DEANNA S. LEIFER
10                                 Attorneys for Plaintiffs JOSE MAURICIO
                                   PEREZ, CODY TAYLOR, and JAMIE
11                                 FLEMINGS, individually and on behalf of
                                   all others similarly situated
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

23

FOURTH AMENDED CLASS ACTION
COMPLAINT