1   **MATERN LAW GROUP, PC**
    MATTHEW J. MATERN (SBN 159798)
2   mmatern@maternlawgroup.com
    LAUNA ADOLPH (SBN 227743)
3   ladolph@maternlawgroup.com
    DEANNA S. LEIFER (SBN 265840)
4   dleifer@maternlawgroup.com
    1230 Rosecrans Avenue, Suite 200
5   Manhattan Beach, CA 90266
    Tel: (310) 531-1900
6   Facsimile: (310) 531-1901

7   Attorneys for Plaintiffs

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  JOSE MAURICIO PEREZ,              Case No. 2:18-cv-4903-DMG (JPRx)
    individually and on behalf of all others
13  similarly situated,               **PLAINTIFFS' NOTICE OF
                                       MOTION AND MOTION FOR
14              Plaintiff,             PRELIMINARY APPROVAL OF
                                       CLASS ACTION SETTLEMENT**
15        vs.
                                      [Filed concurrently with Declaration
16  ISLAND HOSPITALITY                of Launa Adolph; and [Proposed]
    MANAGEMENT III, LLC, a Delaware   Order Granting Preliminary Approval
17  limited liability company; ISLAND of Class Action Settlement]
    HOSPITALITY MANAGEMENT,
18  LLC, a Delaware limited liability Date:       April 17, 2020
    company; and DOES 1 through 10,   Time:       9:30 a.m.
19  inclusive,                        Courtroom:  8C

20              Defendants.

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 17, 2020, at 9:30 a.m., in Courtroom 8C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA, 90012, plaintiffs Jose Mauricio Perez, Jamie Flemings, and Cody Taylor (collectively, "Plaintiffs") will and hereby do move this Court for entry of an order:

1.    Granting preliminary approval of the proposed class action settlement set forth in the Stipulation and Settlement of Class and Representative Action ("Stipulation"), attached as Exhibit A to the Declaration of Launa Adolph;

2.    Approving the proposed Notice of Class Action Settlement ("Class Notice") and the plan for distribution of the Class Notice to the Class Members;

3.    Provisionally certifying the class for settlement purposes only;

4.    Appointing Plaintiffs as Class Representatives;

5.    Appointing Matthew J. Matern, Launa Adolph, and Deanna S. Leifer of Matern Law Group, PC as Class Counsel;

6.    Appointing Simpluris, Inc. as the Settlement Administrator; and

7.    Scheduling a Final Approval Hearing.

This motion is made on the grounds that the proposed Settlement is fair, adequate, and reasonable, and the Class Notice fairly and adequately informs the Class Members of the terms of the proposed Settlement, their potential awards, their rights and responsibilities, and the consequences of the Settlement.

Additionally, certification, for settlement purposes only, is appropriate, as (1) the class is so numerous that joinder of all members is practicable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; (5) the questions of law or fact common to the class members predominate over any

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  questions affecting only individual members; and (6) a class action is superior to other

2  available methods for fairly and efficiently adjudicating the controversy.

3        This motion is based on this notice, the attached memorandum of points and

4  authorities, the Declaration of Launa Adolph and all exhibits thereto, including the

5  Stipulation, all documents and records on file in this matter, and such additional

6  argument, authorities, evidence and other matters as may be presented by the parties

7  hereafter.  This motion is made following the conference of counsel pursuant to Local

8  Rule 7-3 on March 9, 2020.  Defendants do not oppose this motion.

9

10  DATED: March 13, 2020          Respectfully submitted,

11                                 **MATERN LAW GROUP, PC**

12

13                    By:    _/s/ Launa Adolph_
14                           MATTHEW J. MATERN
                             LAUNA ADOLPH
15                           DEANNA S. LEIFER
                             Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2          PLAINTIFFS' MOTION FOR PRELIMINARY
           APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION .................................................................... ....1

III.   FACTUAL AND PROCEDURAL BACKGROUND ...........................2

       A     The Parties.........................................................................2

       B.    Procedural History ..............................................................3

       C.    Discovery and Investigation ……………………………………4

       D.    Settlement Negotiations ……………………………………..4

III.   SUMMARY OF SETTLEMENT ..................................................5

       A.    The Class...........................................................................5

       B.    Settlement Terms ……………………………………………5

       C.    Release ………………………………………………………7

       D.    Class Notice and Settlement Administration …………………8

IV.    ARGUMENT…………………………………………………...…9

       A.    The Settlement Meets The Requirements For Preliminary Approval ...9

             1.  Plaintiffs And Their Counsel Have Adequately Represented the Class........................................................................10

             2.  The Settlement Is The Product Of Informed, Arm's Length Negotiations……………………………………………………11

             3.  The Settlement Provides Adequate Relief for the Class…………12

             4.  The Settlement Does Not Provide Preferential Treatment To Plaintiffs Or Any Segment Of The Class…………………………15

       B.    The Proposed Class Notice Is An Appropriate Form Of Giving Notice And Satisfies Due Process……………………………………………..16

       C.    The Court Should Provisionally Certify The Class For Settlement Purposes………………………………………………………………17

             1.  The Proposed Class Is Sufficiently Numerous…………………18

             2.  Common Questions Of Law And Fact Predominate……………18

             3.  Plaintiffs' Claims Are Typical Of Those Of The Class Members ........................................................................19

             4.  Plaintiffs and Their Counsel Will Adequately Represent the Class Members ........................................................................20

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

i

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1

VII.    CONCLUSION……………………………………………………....22

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

ii

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

<u>Cases</u>

4

*Amchem Prods., Inc. v. Windsor*,

5
   521 U.S. 591 (1997)........................................................................21

6

*Arrendondo v. Delano Farms Co.*,

7
   No. CV F 09–1247 LJO DLB, 2011 WL 1486612
   (E.D. Cal. Apr. 19, 2011) ...............................................................19

8

9

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) ..........................................................19

10

11

*Churchill Vill., L.L.C. v. GE*,
   361 F.3d 566 (9th Cir. 2004) ..........................................................16

12

13

*Deaver v. Compass Bank*,
   Case No. 13-cv-00222-JSC, 2015 WL 4999953

14
   (N.D. Cal. Aug. 21, 2015) ..............................................................11

15

16

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974).........................................................................17

17

18

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ..........................................................20

19

20

*Fischel v. Equitable Life Assurance Soc'y*,
   307 F.3d 997 (9th Cir. 2002) ..........................................................15

21

22

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...........................................14, 16, 19

23

24

*Hanon v. Dataprods. Corp.*,
   976 F.2d 497 (9th Cir. 1992) .....................................................19, 20

25

26

*Harris v. Vector Mktg. Corp.*,
   No. C–08–5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ..........11, 16

27

\\\

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*Hopson v. Hanesbrands Inc.,*
  No. CV–08–0844 EDL, 2009 WL 928133 (N.D. Cal. Apr. 3, 2009) ................. 13

*In re Badger Mountain Irr. Dist. Sec. Litig.,*
  143 F.R.D. 693 (W.D. Wash. 1992) .................................................... 18

*In re Heritage Bond Litig.,*
  546 F.3d 667 (9th Cir. 2009) .............................................................. 10

*In re Hyundai & Kia Fuel Econ. Litigation,*
  926 F.3d 539 (9th Cir. June 6, 2019) ................................................. 18

*In re Mego Fin. Corp. Sec. Litig.,*
  213 F.3d 454 (9th Cir. 2000) ........................................................ 10, 20

*In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act Litig.,*
  295 F.R.D. 438 (C.D. Cal. 2014) ....................................................... 13

*In re Wells Fargo Loan Processor Overtime Pay Litig.,*
  No. C–07–1841 (EMC), 2011 WL 3352460 (N.D. Cal. Aug. 2, 2011) ............... 16

*Lerwill v. Inflight Motion Pictures Inc.,*
  582 F.2d 507 (9th Cir.1978) ............................................................. 21

*Levya v. Medline Indus, Inc.,*
  716 F.3d 510 (9th Cir. 2013) ............................................................ 17

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v.
Las Vegas Sands, Inc.,*
  244 F.3d 1152 (9th Cir. 2001) .......................................................... 18

*Mendoza v. United States,*
  623 F.2d 1338 (9th Cir. 1980) .......................................................... 16

*Mullane v. Central Hanover Bank & Trust Co.,*
  339 U.S. 306 (1950) ....................................................................... 17

*Officers for Justice v. Civil Serv. Comm'n of San Francisco,*
  688 F.2d 615 (9th Cir. 1982) ............................................................ 10

*///*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

iv

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*Rannis v. Recchia*,
　380 F. App'x 646 (9th Cir. 2010) ........................................................................ 18

*Rodriguez v. West Publishing Corp.*,
　563 F.3d 963 (9th Cir. 2009) ................................................................. 14, 15, 16

*Satchell v. Fed. Express Corp.*,
　Nos. C03–2659 SI, C 03–2878 SI, 2007 WL 1114010
　(N.D. Cal. Apr. 13, 2007) .................................................................................... 11

*Staton v. Boeing Co.*,
　327 F.3d 938 (9th Cir. 2003) ............................................................................... 15

*Stetson v. Grissom*,
　821 F.3d 1157 (9th Cir. 2016) ............................................................................. 15

*Valentino v. Carter-Wallace, Inc.*,
　97 F.3d 1227 (9th Cir. 1996) ............................................................................... 21

*Wal-Mart Stores, Inc. v. Dukes*,
　131 S. Ct. 2541 (U.S. 2011) .......................................................................... 13, 17

*Zamora Jordan v. Nationstar Mortg., LLC*,
　No. 2:14-CV-0175-TOR, 2019 WL 1966112 (E.D. Wash. May 2, 2019) .......... 14

**<u>Rules</u>**

Federal Rules of Civil Procedure, Rule 23 ........................................... 1, 13, 17, 18

Federal Rule of Civil Procedure, Rule 23(a)(1) ........................................................ 18

Federal Rule of Civil Procedure, Rule 23(a)(2) ........................................................ 18

Federal Rule of Civil Procedure, Rule 23(a)(3) ........................................................ 19

Federal Rule of Civil Procedure, Rule 23(a)(4) ........................................................ 20

Federal Rules of Civil Procedure, Rule 23(b) ........................................................ 17

Federal Rules of Civil Procedure, Rule 23(b)(3) ...................................... 17, 18, 21

Federal Rule of Civil Procedure, Rule 23(c)(2)(B) ................................................ 16

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

v

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1

Federal Rule of Civil Procedure, Rule 23(e)(2) ............................................9, 10, 16

2

Federal Rules of Civil Procedure, Rule 23(e)(3)......................................................12

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

## I.    INTRODUCTION

Pursuant to Federal Rules of Civil Procedure, Rule 23, Plaintiffs Jose Mauricio Perez ("Perez"), Jamie Flemings ("Flemings"), and Cody Taylor ("Taylor") (collectively, "Plaintiffs") seek preliminary approval of a proposed wage-and-hour class action settlement on behalf of all current and former non-exempt employees who worked for defendants Island Hospitality Management LLC, Island Hospitality Management II LLC ("Island II"), Island Hospitality Management III LLC, and Island Hospitality Management IV LLC ("Island IV") (collectively, "Defendants") in California during the time period from March 15, 2014 to February 28, 2020 (the "Class Period").  As discussed herein, the proposed Settlement is fair and reasonable and thus warrants this Court's approval.

The Stipulation provides for a non-reversionary settlement in the amount of $1,100,000.00.  The Settlement was reached after formal and informal discovery and arms'-length, non-collusive bargaining between counsel, including an all-day mediation with an experienced mediator.  The settlement amount represents a substantial recovery for the Class Members based on the claims alleged and the defenses thereto.  Furthermore, Plaintiffs and their counsel adequately represented the class, and the Settlement does not provide preferential treatment to Plaintiffs or any segment of the class.  In sum, the proposed Settlement is fair, reasonable, and adequate and should be preliminarily approved.

Additionally, the proposed notice procedure is appropriate and meets all requirements as to method and form.  The Notice of Class Action Settlement ("Class Notice") will be mailed to the Class Members by First Class U.S. Mail at their last known addresses, as updated by the Settlement Administrator, in English, Spanish, and Tagalog.  The Class Notice fairly apprises the Class Members of the terms of the proposed Settlement and of their rights and options in connection with the proceedings.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Finally, provisional class certification, for settlement purposes only, is appropriate because: (1) the class is so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to the class; (3) Plaintiffs' claims are typical of the claims of the class; (4) Plaintiffs and their counsel will fairly and adequately protect the interests of the class; and (5) questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Accordingly, Plaintiffs respectfully request that the Court enter an order (1) granting preliminary approval of the Settlement; (2) authorizing the mailing of the Class Notice to the Class Members; (3) provisionally certifying the class for settlement purposes only; and (4) setting a hearing to consider whether to grant final approval of the Settlement and to consider the requests for attorneys' fees and costs and the enhancement awards to Plaintiffs.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    <u>The Parties</u>

Defendants are national hotel operators that owned and operated 22 hotels in California during the Class Period.  Declaration of Launa Adolph ("Adolph Decl.") ¶ 3.  These 22 hotels fall under the Marriott, Hilton, and Hyatt brand names.  *Id.*

Perez was directly employed by Island III as a Front Desk Supervisor at the Hilton Garden Inn in Marina Del Rey, California from approximately April 2017 to August 31, 2017.  *Id.* at ¶ 4.

Taylor was directly employed by Island II as a Cook at the Courtyard by Marriott Paso Robles in Paso Robles, California from approximately February 4, 2017 to May 4, 2018.  *Id.* at ¶ 5.

Flemings was directly employed by Island IV as a Night Auditor and Front Desk Agent at the Hampton Inn and Suites and Homewood Suites in Lancaster, California from approximately January 2018 to September 30, 2018.  *Id.* at ¶ 6.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**B.    Procedural History**

On March 15, 2018, Perez filed a Complaint in Los Angeles Superior Court on behalf of all persons employed by Defendants as non-exempt employees in California during the relevant statutory period.  Adolph Decl. ¶ 8.  On June 1, 2018, Defendants removed this case to the United States District Court for the Central District.  (Dkt. 1).

On June 13, 2018, Perez filed a First Amended Complaint.  (Dkt. 11).  On July 13, 2018, Perez filed a Second Amended Complaint ("SAC").  (Dkt. 19).  Defendants filed a motion to dismiss the SAC on August 1, 2018.  (Dkt. 20).  On February 8, 2019, the Court issued an order denying the motion to dismiss as to the first through fourth and sixth through ninth causes of action, deferring the motion to dismiss on the fifth cause of action as it relates to meal and rest period premium payments, granting defendants' motion to strike Perez's request for injunctive relief, and denying the motion to dismiss the class allegations.  (Dkt. 24).

On August 5, 2019, Plaintiffs filed a Third Amended Complaint, adding Taylor and Flemings as named plaintiffs and proposed class representatives.  (Dkt. 35).  On February 19, 2020, Plaintiffs filed a Fourth Amended Complaint, adding Island II and Island IV as defendants.  (Dkt. 43).  The Fourth Amended Complaint alleges causes of action for: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized wage statements; (7) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (8) unfair and unlawful business practices; and (9) penalties under the Labor Code Private Attorneys General Act ("PAGA").  (Dkt. 43).  Defendants filed an answer to the Fourth Amended Complaint on March 4, 2020.  (Dkt. 44).

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

3

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

## C. <u>Discovery and Investigation</u>

Prior to filing the Complaint, Plaintiffs' counsel conducted an extensive investigation into the claims alleged, including interviewing Perez, reviewing documents provided by Perez and other publicly-available documents, and conducting research regarding applicable California Labor Code sections and the Industrial Welfare Commission Wage Order. Adolph Decl. ¶ 10.

The Parties also engaged in significant discovery after the Complaint was filed. Perez propounded written discovery, including interrogatories, requests for admission, and requests for production of documents. *Id.* at ¶ 11. Following receipt of Defendants' responses, the Parties engaged in meet and confer efforts. *Id.* at ¶ 12. Defendants also propounded, and Perez responded to, requests for production of documents. *Id.* at ¶13.

Prior to mediation, Defendants produced, among other documents, all relevant wage and hour policy documents and a sampling of the timekeeping and payroll records of the Class Members. *Id.* at ¶14. Plaintiffs retained a statistical analyst to analyze the sampling of the timekeeping and payroll records, which assisted Plaintiffs' counsel in preparing a damages model prior to mediation. *Id.*

## D. <u>Settlement Negotiations</u>

On October 30, 2019, the Parties participated in a private mediation session with experienced mediator Lou Marlin, Esq. Adolph Decl. ¶ 16. At the end of the mediation, the Parties reached agreement on a proposed class action settlement that would fully resolve the Action, which they memorialized in a signed Memorandum of Understanding, subject to the Parties entering into a more comprehensive written settlement agreement. *Id.* The Stipulation and Settlement of Class and Representative Action ("Stipulation") was fully executed on February 10, 2020. *Id.* at ¶17, Ex. A.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

4

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

### III.    SUMMARY OF SETTLEMENT

####    A.    <u>The Class</u>

The proposed class consists of all current and former non-exempt employees who worked for Island Hospitality Management LLC, Island Hospitality Management II LLC, Island Hospitality Management III LLC, and Island Hospitality Management IV LLC in California during the time period from March 15, 2014 to February 28, 2020.  Stipulation ¶¶ I.F.  There are approximately 3,272 Class Members.  Adolph Decl. ¶ 7.

####    B.    <u>Settlement Terms</u>

Under the proposed Settlement, the claims of all Class Members shall be settled for the Gross Class Settlement Amount of One Million One Hundred Thousand Dollars ($1,100,000.00) which shall be inclusive of all Individual Settlement Payments to Class Members, the Class Representative Enhancement Payments, Attorneys' Fees and Costs, Settlement Administration Costs, and the PAGA payment to the LWDA.  Stipulation ¶ I.I.  The Employer's Share of Payroll Taxes shall be paid by Defendants in addition to the Gross Class Settlement Amount. *Id.*  No portion of the Gross Class Settlement Amount shall revert to Defendants or result in an unpaid residue.  *Id.*

The Gross Class Settlement Amount shall be allocated as follows:

1.    <u>Individual Settlement Payments</u>.  All Class Members shall be eligible to receive a share of the Net Settlement Amount, which equals the Gross Class Settlement Amount, less the Class Representative Enhancement Payments, Attorneys' Fees and Costs, Settlement Administration Costs, and the LWDA Payment.  Stipulation ¶ I.O.  The Net Settlement Amount shall be distributed to the Settlement Class Members on a pro rata basis according to the number of workweeks

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

5

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

that a Settlement Class Member worked for Defendants as a non-exempt employee in California during the Class Period. Stipulation ¶ IV.[1]

2. <u>Class Representative Enhancement Payments</u>. Subject to Court approval, Plaintiffs shall be paid a Class Representative Enhancement Payment not to exceed Five Thousand Dollars ($5,000.00) each for their time and effort in bringing and presenting the Action and for releasing their Released Claims. Stipulation ¶ I.H.

3. <u>Attorneys' Fees and Costs</u>. Subject to Court approval, Class Counsel shall receive an award of attorneys' fees in an amount not to exceed Three Hundred Sixty Six Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($366,666.67), which equals one-third (1/3) of the Gross Class Settlement Amount, and reimbursement of litigation costs and expenses in an amount not to exceed Thirty Five Thousand Dollars ($35,000.00). Stipulation ¶ I.C.

4. <u>LWDA Payment</u>. Subject to Court approval, One Hundred Thousand Dollars ($100,000.00) from the Gross Class Settlement Amount will be allocated as penalties under PAGA, of which seventy-five percent (75%), or Seventy Five Thousand Dollars ($75,000.00), will be paid to the LWDA. Stipulation ¶ I.N. The remaining twenty-five percent (25%) of the amount allocated toward PAGA penalties, or Twenty Five Thousand Dollars ($25,000.00), will be part of the Net Settlement Amount and will be distributed to Settlement Class Members as part of their Individual Settlement Payments. *Id*.

5. <u>Settlement Administration Costs</u>. Subject to Court approval, the Settlement Administration Costs, which are estimated not to exceed Twenty One

---

[1] Individual Settlement Payment checks will remain negotiable for 180 days from the date of mailing. Stipulation ¶ VII.2. If an Individual Settlement Payment check remains uncashed after 180 days from issuance, the Settlement Administrator shall pay over the amount represented by the check to the State Controller's Office Unclaimed Property Fund, with the identity of the Settlement Class Member to whom the funds belong. *Id*.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

6

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Thousand Six Hundred Dollars ($21,600.00), shall be paid from the Gross Class Settlement Amount.  Stipulation ¶ I.BB.

### C.   Release

Upon the Effective Date, Plaintiffs and all other Settlement Class Members shall be deemed to have released the Released Parties from any and all claims, debts, liabilities, demands, obligations, penalties, premium pay, guarantees, costs, expenses, attorney's fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, under any legal theory under federal and state law for any alleged failure to pay all wages due (including minimum wage and overtime wages), failure to pay for all hours worked (including off-the clock work), failure to provide meal and rest periods, failure to failure to timely pay wages and final wages, failure to properly calculate the regular rate of pay, failure to reimburse business expenses, failure to furnish accurate wage statements including claims derivative and/or related to these claims, liquidated damages, conversion of wages, pre and post shift work and record-keeping violations, up to and including the date of final approval by the Court.  This Release shall include, all claims arising  under the applicable regulations, Wage Orders and Labor Code, including sections 201, 202, 203, 204, 206, 210, 218, 218.5, 226, 226.3, 226.7, 227, 227.3, 510, 511, 512, 515, 517, 551, 552, 558, 1174, 1175, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, as well as claims under Business and Professions Code section 17200 et seq., and/or Labor Code section 2698 *et seq.* based on alleged violations of any of the above Labor Code provisions, and any other benefit claimed on account of the allegations asserted in the FAC.  Stipulation ¶ I.W.

In addition, Plaintiffs will each execute a general release of all claims, whether known or unknown, against the Released Parties.

"Released Parties" means Island Hospitality Management LLC, Island Hospitality Management Inc., Island Hospitality Management II LLC, Island Hospitality Management II Inc., Island Hospitality Management III LLC, Island

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

7

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Hospitality Management III Inc., Island Hospitality Management IV LLC, Island Hospitality Management IV Inc., Island Hospitality Management V LLC, Island Hospitality Management V Inc., Island Hospitality Florida Management LLC, Island Hospitality Joint Venture LLC, Island JV Member Inc., Platform Hospitality Investor T-II, LLC, Chatham Lodging Trust, Colony Capital, Inc., LVP CY Paso Robles Holding Corporation, and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys of any of these named businesses.  Stipulation ¶ I.X.

### D.    Class Notice and Settlement Administration

Within thirty (30) calendar days of the later of preliminary approval or Court approval of the Class Notice, Defendants will provide the Class List to the Settlement Administrator, which will include each Class Member's full name, most recent mailing address, telephone number, Social Security number, dates of employment, approximate number of workweeks that a Class Member worked, and any other relevant information needed to calculate settlement payments.  Stipulation ¶¶ I.E, V.2.  Within thirty-five (35) business days of the later of preliminary approval or Court approval of Class Notice, the Settlement Administrator will mail the Class Notice and Individual Settlement Payment calculations, which will include workweek information, in English, Spanish and Tagalog (the "Notice Packet"), to all Class Members via regular First-Class U.S. Mail, using the last known mailing addresses identified in the Class List.  Stipulation ¶¶ I.R, V.3.  Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct any known or identifiable address changes.  Stipulation ¶ V.4.  Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto. *Id.*  If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

8

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

name, address and/or Social Security number of the Class Member involved, and will then perform a single re-mailing. *Id.*

Class Members will have an opportunity to dispute the information provided in their Notice Packets. Stipulation ¶ V.6. To the extent Class Members dispute the number of workweeks which have been credited to them or the amount of their Individual Settlement Payment, Class Members may produce evidence to the Settlement Administrator substantiating the dispute. *Id.*

Class Members who wish to exclude themselves from the Settlement must submit a Request for Exclusion to the Settlement Administrator within forty-five (45) calendar days after the Settlement Administrator mails the Notice Packets to Class Members ("Response Deadline"). Stipulation ¶ I.Z. To be valid, the Request for Exclusion must include the Class Member's full name and a written statement requesting to be excluded from this Settlement. Stipulation ¶ I.Y. The Request for Exclusion must be returned by mail or fax to the Settlement Administrator at the specified address or facsimile number and postmarked or faxed on or before the Response Deadline. *Id.*

Class Members who wish to object to the Settlement must submit to the Settlement Administrator a Notice of Objection by the Response Deadline. Stipulation ¶ I.Q. To be valid, the Notice of Objection must include the Class Member's full name, signature, address, telephone number, and a written statement of all grounds for the objection. *Id.* The Notice of Objection must be returned by mail or fax to the Settlement Administrator at the specified address or facsimile number and postmarked or faxed on or before the Response Deadline. *Id.*

## IV. ARGUMENT

### A. The Settlement Meets The Requirements For Preliminary Approval

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

9

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

only with the court's approval." Fed. R. Civ. Proc. § 23(e).  Before a court approves a settlement, it must conclude that the settlement is "fundamentally fair, adequate and reasonable."  *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2009).  Generally, the district court's review of a class action settlement is "extremely limited." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  The court considers the settlement as a whole, rather than its components, and lacks authority to "delete, modify or substitute certain provision." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982)).

To approve a settlement that would bind class members, the court must consider whether: (A) "the class representatives and class counsel have adequately represented the class;" (B) "the proposal was negotiated at arm's length;" (C) "the relief provided for the class is adequate;" and (D) "the proposal treats class members equitably relative to each other." Fed R. Civ. P. 23(e)(2).  As each of these factors is met here, preliminary approval is appropriate.

### 1.    Plaintiffs And Their Counsel Have Adequately Represented the Class

To determine whether this requirement is met, the Ninth Circuit applies a two-pronged test: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) have the named plaintiffs and their counsel prosecuted the action vigorously on behalf of the class. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000).  Both prongs are satisfied here.

Plaintiffs have no conflicts of interest with other Class Members, as their interests are aligned and Plaintiffs seek payment for unpaid wages on their behalf. Adolph Decl. ¶ 39.  Plaintiffs' counsel also does not have any conflict of interest with the Class Members. *Id.* at ¶ 38.

Additionally, Plaintiffs and their counsel have vigorously represented the class. *Id.* at ¶ 42.  Plaintiffs have taken an active role as class representatives and have supported their counsel's litigation efforts. *Id.* Plaintiffs' counsel has extensive

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

10

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

experience in prosecuting wage-and-hour class cases, and has been appointed class counsel in numerous wage-and-hour actions. *Id*. at ¶¶ 30-39. Utilizing this experience, Plaintiffs' counsel has vigorously prosecuted this action. *Id*. at ¶¶ 10-14.

### 2. The Settlement Is The Product Of Informed, Arm's Length Negotiations

An initial presumption of fairness exists where, as here, "the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Indeed, the use of an experienced mediator supports a finding that settlement negotiations were both informed and non-collusive. *See, e.g., Satchell v. Fed. Express Corp*., 2007 WL 1114010, *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Deaver v. Compass Bank*, 2015 WL 4999953, *7 (N.D. Cal. Aug. 21, 2015) (accord).

Here, the Settlement was reached after extensive negotiations. On October 30, 2019, the Parties participated in a full-day mediation session with Lou Marlin, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. Adolph Decl. ¶ 16. At the end of the mediation, the Parties reached agreement on a proposed class action settlement. *Id*.

These circumstances are the antithesis of collusion and show that the settlement negotiations were at arm's length and, although conducted in a professional manner, were adversarial. *Id*. at ¶ 19. The Parties went into the mediation session willing to explore the potential for a settlement of the dispute, but were prepared to litigate their positions through trial and appeal if a settlement had not been reached. *Id*.

Plaintiffs and their counsel were able to make an informed decision regarding settlement, as Plaintiffs conducted significant formal and informal discovery and investigation prior to the mediation. Before filing the Complaint, Plaintiffs' Counsel conducted an extensive investigation including interviewing Perez, reviewing

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

11    PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

documents provided by Perez and other publicly-available documents, and conducting research regarding applicable California Labor Code Sections and Industrial Welfare Commission Wage Orders. *Id*. at ¶ 10. After the Complaint was filed, the Parties propounded and responded to written discovery, including interrogatories, requests for admission, and requests for production of documents. *Id*. at ¶ 11. Prior to mediation, Defendants produced, among other documents, all relevant wage and hour policy documents and a sampling of the timekeeping and payroll records of the Class Members. *Id*. at ¶ 14. Plaintiffs retained a statistical analyst to analyze the sampling of timekeeping and payroll records, which assisted Plaintiffs' counsel in preparing a damages model prior to mediation. *Id*. Based on the information and record developed through extensive investigation and discovery, Plaintiffs' counsel was able to act intelligently and effectively in negotiating the proposed Settlement. *Id*. at ¶15.

### 3.    The Settlement Provides Adequate Relief for the Class

The third factor the Court considers is whether the relief provided for the class is adequate, taking into account: "(i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."[2]  Under the terms of the Settlement, Defendants will pay $1,100,000.00 to resolve this Action. According to Plaintiffs' calculations, the Gross Class Settlement Amount reflects approximately 15.6% of the *maximum* potential damages, exclusive of penalties and interest, allegedly owed to Class

---

[2] There are no separate agreements that the Court needs to consider to approve the proposed Settlement. Stipulation ¶ XV.2.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

12

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   Members.  Adolph Decl. ¶ 21.[3]  This is a substantial recovery for the Class Members,

2   which takes into consideration the significant risks of proceeding with the litigation.[4]

3                  a.        Costs, Risks and Delay of Further Litigation

4          In reaching a decision to settle this case, Plaintiffs' counsel considered the risks

5   of proceeding with the litigation, including: (i) obtaining and maintaining class

6   certification, (ii) the burdens of proof necessary to establish liability, (iii) the class

7   certification and merits defenses raised by Defendants, (iv) the difficulties in

8   establishing damages, (v) the likelihood of success at trial, and (vi) the probability of

9   appeal in the event of a favorable judgment.  Adolph Decl. ¶¶ 20.

10         The Settlement obviates the significant risk that this Court may deny

11  certification of all or some of Plaintiffs' claims, particularly in light of certification

12  standards under Federal Rule of Civil Procedure, Rule 23, as articulated by the United

13  States Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (U.S. 2011).

14  Further, even if Plaintiffs obtained certification of some or all of the claims,

15  continued litigation would be expensive, involving a trial and possible appeals, and

16  would substantially delay and reduce any recovery by the Class Members.  Adolph

17  Decl. ¶ 24.  While Plaintiffs are confident in the merits of their claims, a legitimate

18  controversy exists as to each cause of action.  *Id*. at ¶ 25.  Plaintiffs also recognize

19  that proving the amount of wages due to each Class Member would be an expensive,

20  time-consuming, and uncertain proposition.  *Id*.  In contrast, because of the proposed

21  Settlement, Class Members will receive timely relief and avoid the risk of an

22  _____

23  [3] A detailed explanation of Plaintiffs' valuation is set forth in Paragraph 21 of the Adolph Declaration.

24  [4] Other courts have approved settlements with far lower percentages of the total

25  possible recovery.  *See, e.g., Hopson v. Hanesbrands Inc.,* 2009 WL 928133, *8 (N.D. Cal. Apr. 3, 2009) ("The settlement … represents less than two percent of that

26  amount," but "may be justifiable … given … significant defenses that increase the

27  risks of litigation."); *In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.,* 295 F.R.D. 438, 453–54 (C.D. Cal. 2014) (granting final

28  approval of a settlement providing for payment reflecting 3% of possible recovery).

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

13                                PLAINTIFFS' MOTION FOR PRELIMINARY
                                  APPROVAL OF CLASS ACTION SETTLEMENT

unfavorable judgment. *Id*. Based on an estimated Net Settlement Amount of $586,733.33, it is estimated that each Class Member, on average, will receive $179.32 as a result of the Settlement. *Id*. at ¶ 26.

The fact that the Settlement will eliminate delay and further expenses weighs strongly in favor of approval. *See Rodriguez*, 563 F.3d at 966. Furthermore, where, as here, the parties face significant uncertainty, the attendant risks favor settlement. *Hanlon*, 150 F.3d at 1026. Thus, this factor supports approval.

                                    b.      The Effectiveness of the Proposed Method of Distributing Relief to the Class

The Stipulation provides a straightforward process for distributing the Net Settlement Amount to Class Members. Pursuant to the terms of the Stipulation, Class Members are not required to submit a claim form to receive a share of the Net Settlement Amount; rather, all Class Members who do not opt out will automatically receive a settlement payment. Stipulation ¶¶ IV, V. Settlement checks will be negotiable for 180 calendar days from the date of mailing. Stipulation ¶ VII.2. After 180 days, the Settlement Administrator will distribute the value of any uncashed checks to the State Controller's Office Unclaimed Property Fund in the name of the Settlement Class Member. *Id*. This will allow Settlement Class Members who did not cash their checks within 180 days to collect their respective Individual Settlement Payment at any time in the future. *Id*. Thus, the proposed method of distribution "equitably and effectively distribute[s] relief to the Class." *See Zamora Jordan v. Nationstar Mortg., LLC*, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *4 (E.D. Wash. May 2, 2019).

                                    c.      The Terms of the Proposed Award of Attorney's Fees

Subject to Court approval, Class Counsel shall receive an award of attorneys' fees in an amount one-third (1/3) of the Gross Class Settlement Amount (i.e., not more than $366,666.67 in attorneys' fees) and reimbursement of litigation costs incurred not to exceed $35,000.00. Stipulation ¶ II.C. To calculate the fee in a

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

14

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

common-fund case, the district court "has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating a fee award." *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016), quoting *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002). Since this motion does not ask the Court to award attorneys' fees, and the Settlement provides that attorneys' fees are not to exceed one-third of the Gross Class Settlement Amount, the terms are acceptable for purposes of preliminary approval. The ultimate determination of attorneys' fees will be properly addressed at the final approval stage, subject to a separate motion for attorneys' fees. Pursuant to the Stipulation, attorneys' fees will be distributed at the same time as payments to Class Members. Stipulation ¶ II.

**4.    The Settlement Does Not Provide Preferential Treatment To Plaintiffs Or Any Segment Of The Class**

Under the fourth factor, the Court examines whether the proposed settlement provides preferential treatment to any class member. Here, the proposed Settlement poses no risk of unequal treatment of any Class Member, as each Settlement Class Member's Individual Settlement Payment will be calculated on a pro rata basis, based upon his or her Individual Workweeks. Stipulation ¶ IV.1.

Subject to Court approval, the Settlement provides for Class Representative Enhancement Payments to Plaintiffs in an amount not to exceed $5,000.00 each. Stipulation ¶ I.H. These modest payments are for the substantial risk assumed and the services undertaken by Plaintiffs on behalf of the Class Members. The Ninth Circuit has recognized that service awards to named plaintiffs in class actions are permissible. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003); *see also Rodriguez v. West Publ'g Corp.*, 563 F. 3d 948, 958-69 (9th Cir. 2009) (finding that the payment of a service award is "fairly typical in class actions"). Furthermore, the Court will ultimately determine whether Plaintiffs are entitled to the requested service awards at the Final Approval Hearing, after Plaintiffs submit declarations outlining the efforts expended and risks taken on behalf of the Class Members. *See*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

15                    PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1    *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, at *9.  Thus, the absence of any

2    preferential treatment supports preliminary approval.

3    **B.**    **The Proposed Class Notice Is An Appropriate Form Of Giving**

4             **Notice And Satisfies Due Process**

5         "Adequate notice is critical to court approval of a class settlement under Rule

6    23(e)." *Hanlon*, 150 F.3d at 1025.  The specific requirements for the content of a

7    class notice are set forth in Federal Rule of Civil Procedure Rule 23(c)(2)(B).  In the

8    Ninth Circuit, notice is satisfactory if it "generally describes the terms of the

9    settlement in sufficient detail to alert those with adverse viewpoints to investigate

10   and to come forward and be heard." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575

11   (9th Cir. 2004) (citing *Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir.

12   1980)).

13        The proposed Class Notice satisfies these content requirements.  The Class

14   Notice, which will be provided in English, Spanish, and Tagalog, is written in plain,

15   concise language that, among other things, includes: (1) basic information about the

16   Action and the Settlement; (2) the definition of the proposed class; (3) a description

17   of the claims in the Action; (4) an explanation of how Class Members can obtain

18   benefits under the Settlement; (5) an explanation of how Class Members can exercise

19   their right to request exclusion from or object to the Settlement; (6) information

20   regarding the scope of the Released Claims and the binding effect of the Settlement;

21   (7) the date and time of the Final Approval Hearing; and (8) contact information to

22   obtain additional information.  *See* Stipulation, Ex. 1.

23        The Class Notice provides Class Members with sufficient information to make

24   an informed and intelligent decision about the Settlement.  Accordingly, it satisfies

25   the content requirements of Rule 23(e) and satisfies all due process requirements.

26   *See In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *4

27   (N.D. Cal. Aug. 2, 2011); *Rodriguez*, 563 F.3d at 963 (where class notice

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

16

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

communicated the essentials of the proposed settlement in a sufficiently balanced, accurate, and informative way, it satisfied due process concerns).

Additionally, prior to mailing the Class Notice to each Class Member, the Settlement Administrator shall perform a search of the Class Members' addresses using the United States Postal Service's National Change of Address Database in order to update and correct any known or identifiable address changes. Stipulation ¶ V.4. Direct mail notice to Class Members' last known addresses is the best notice possible under the circumstances. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319 (1950); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-76 (1974).

In sum, the contents and plan for dissemination of the Class Notice constitute the best notice practicable under the circumstances and fully comply with the requirements of Rule 23.

## C.    The Court Should Provisionally Certify The Class For Settlement Purposes

A party seeking to certify a class must demonstrate that she has met the "four threshold requirements of Federal Rule of Procedure 23(a): (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation." *Levya v. Medline Indus, Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Once these prerequisites are satisfied, a court must consider whether the proposed class can be maintained under at least one of the requirements of Rule 23(b). *Dukes,* 131 S. Ct. at 2548. Plaintiffs, here, seek certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Each of these requirements is satisfied here.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

17

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

### 1.      The Proposed Class Is Sufficiently Numerous

The numerosity requirement is satisfied when "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least 40 members. *Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010) (affirming certification of a class of 20). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement. *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992). Here, the proposed class consists of approximately 3,272 persons. Adolph Decl. ¶ 7. Thus, the class is sufficiently numerous so as to make joinder impracticable.

### 2.      Common Questions Of Law And Fact Predominate

For a class to be certified, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Rule 23(b)(3) also requires that the common questions of law or fact predominate over any individual questions. The Ninth Circuit recently confirmed in *In re Hyundai & Kia Fuel Econ. Litigation*, 926 F.3d 539 (9th Cir. June 6, 2019), that in the context of a settlement, the court's evaluation of Rule 23's predominance requirement is relaxed. "[W]hether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." *Id*. at 558. The relaxed predominance standard is met where a settlement concerns a "cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] alleged conduct. *Id*. at 559.

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

18

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

basis." *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001), cert. denied, 534 U.S. 973, 122 S. Ct. 395, 151 L. Ed. 2d 299 (2001). Individualized or deviating facts will not preclude class treatment if most class members were subjected to a company policy in a way that gives rise to consistent liability or lack thereof. *See Arrendondo v. Delano Farms Co.*, 2011 WL 1486612, at *15 (E.D. Cal. Apr. 19, 2011). Where there is common conduct of wrongdoing affecting all members of a class, common questions predominate. *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).

The predominance requirement is satisfied here. Plaintiffs and the Class Members' claims arise from common, uniform practices which Plaintiffs contend applied to all Class Members during the Class Period, and involve common questions of law and fact, including but not limited to: (1) whether Defendants violated Labor Code section 204 by failing to pay employees within seven days of the close of the payroll period; (2) whether Defendants failed to provide employees with compliant meal periods; (3) whether Defendants failed to authorize and permit employees to take rest breaks; (4) whether Defendants willfully failed to pay all wages due to Class Members upon separation; and (5) whether Class Members are entitled to penalties under Labor Code section 226(e). As Defendants' policies and practices, and the questions of law and fact they raise, are the heart of this case and apply uniformly to all Class Members, certification is appropriate.

### 3.    Plaintiffs' Claims Are Typical Of Those Of The Class Members

The typicality requirement is satisfied where the named plaintiff is a member of the proposed class and his or her claims are "reasonably coextensive with those of the absent class members," though "they need not be substantially identical." Fed. R. Civ. P. 23(a)(3); *Hanlon*, 150 F.3d at 1020; *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

19    PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  named plaintiffs, and whether other class members have been injured by the same
2  course of conduct." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 984 (9th Cir.
3  2011) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d at 508).

4      Here, Plaintiffs and the Class Members all worked for Defendants as non-
5  exempt employees in California, and Plaintiffs contend they were all subject to the
6  same allegedly non-compliant policies and practices.  For example, Plaintiffs allege
7  that Defendants failed to pay all non-exempt employees in California until eight days
8  after the close of the payroll period in violation of Labor Code section 204.   In
9  addition, Plaintiffs allege that Defendants failed to provide them and the Class
10  Members lawful meal and rest breaks and associated premium pay, failed to timely
11  pay wages and associated waiting time penalties, and failed to issue compliant wage
12  statements which contained all applicable hourly rates in effect during the pay period
13  and the corresponding number of hours worked at each hourly rate by the employee.
14  As a result, Plaintiffs contend that they and the Class Members have suffered the
15  same or similar injuries, resulting from the same or similar conduct by Defendants.
16  Thus, the proposed class satisfies the typicality requirement for settlement purposes.

17      **4.    Plaintiffs and Their Counsel Will Adequately Represent the**
18           **Class Members**

19      A class representative must be able to "fairly and adequately represent the
20  interests of the class." Fed. R. Civ. P. 23(a)(4).  To determine whether this requirement
21  is met, the Ninth Circuit applies a two-pronged test: "(1) do the named plaintiffs and
22  their counsel have any conflicts of interest with other class members; and (2) will the
23  named plaintiffs and their counsel will prosecute the action vigorously on behalf of
24  the class.   *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000).  Both
25  prongs are satisfied here.

26      Plaintiffs have no conflict of interest with other Class Members.  Plaintiffs'
27  interests are aligned with those of the Class Members, as they seek payment for

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1  unpaid wages on behalf of the Class Members.  Adolph Decl. ¶ 39.  Plaintiffs' counsel

2  also does not have any conflict of interest with the Class Members.  *Id.* at ¶ 38.

3          Additionally, both Plaintiffs and their counsel have demonstrated that they will

4  vigorously represent the Class Members.  *Id.* at ¶ 43.  Plaintiffs' counsel has extensive

5  experience in prosecuting wage-and-hour class cases, and previously has been

6  appointed as class counsel in numerous wage-and-hour actions.  *Id.* at ¶¶ 30-39.

7  Plaintiffs and their counsel also have sufficient resources to enable them to

8  vigorously pursue the claims on behalf of the class.  *Id.* at ¶ 40.  Accordingly, the

9  adequacy requirement is satisfied.

10         **5.    A Class Action Is A Superior Method For Adjudicating This**

11         **Action**

12         Rule 23(b)(3)'s superiority requirement is satisfied where "classwide litigation

13  of common issues will reduce litigation costs and promote greater efficiency," or

14  where "no reasonable alternative exists."  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d

15  1227, 1234-35 (9th Cir. 1996).  When assessing predominance and superiority, a court

16  may consider that the proposed class will be certified for settlement purposes only.  *See*

17  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618-20 (1997).  Where the matter is

18  being settled, a showing of manageability at trial is unnecessary.  *Amchem*, 521 U.S. at

19  620.

20         Courts have recognized that, in wage-and-hour cases, an employer's policies,

21  practices, and procedures often have a similar impact on large numbers of workers

22  such that class-based resolution is efficient and appropriate.  *See, e.g., Lerwill v.*

23  *Inflight Motion Pictures Inc.*, 582 F.2d 507, 512-13 (9th Cir.1978) (upholding a

24  decision certifying a class of workers seeking overtime pay, and finding that

25  "[n]umerous individual actions would be expensive and time-consuming and would

26  create the danger of conflicting decisions as to persons similarly situated").

27         Here, class treatment is superior to other available means for the fair and efficient

28  adjudication of the controversy.  The class consists of approximately 3,272 persons,

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

21

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   making individual cases impracticable. Furthermore, given the relatively small

2   amounts at issue, it is unlikely that any Class Member acting alone would have

3   pursued these claims against Defendants. *See Leyva*, 716 F.3d at 515 ("In light of

4   the small size of the putative class members' potential individual monetary recovery,

5   class certification may be the only feasible means for them to adjudicate their

6   claims"). Class treatment will preserve judicial resources, save time, and limit

7   duplication of evidence and effort. Thus, class treatment is superior to other available

8   methods of resolution.

9   **VII.   CONCLUSION**

10       For the foregoing reasons, Plaintiffs respectfully request that this Court: (1)

11   grant preliminary approval of the Settlement; (2) approve the content and plan for

12   distribution of the Class Notice; (3) certify the proposed class for settlement

13   purposes; (4) appoint Plaintiffs as class representatives; (5) appoint Matthew J.

14   Matern, Launa Adolph and Deanna S. Leifer of Matern Law Group, PC as Class

15   Counsel; and (6) schedule a Final Approval Hearing.

16

17   DATED: March 13, 2020            Respectfully submitted,

18                                    **MATERN LAW GROUP, PC**

19

20                            By:    */s/ Launa Adolph*
21                                    MATTHEW J. MATERN
                                      LAUNA ADOLPH
22                                    DEANNA S. LEIFER
                                      Attorneys for Plaintiffs

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

22          PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT