# EXHIBIT A

MATERN LAW GROUP, PC
Matthew J. Matern (SBN 159798)
mmatern@maternlawgroup.com
Launa Adolph (SBN 227743)
ladolph@maternlawgroup.com
Deanna S. Leifer (SBN 265840)
dleifer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiffs JOSE MAURICIO PEREZ,
CODY TAYLOR, and JAMIE FLEMINGS

SEYFARTH SHAW LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
Kerry Friedrichs (SBN 198143)
kfriedrichs@seyfarth.com
Parnian Vafaeenia (SBN 316736)
pvafaeenia@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendants ISLAND HOSPITALITY
MANAGEMENT LLC, ISLAND HOSPITALITY
MANAGEMENT II LLC, ISLAND HOSPITALITY
MANAGEMENT III LLC, AND ISLAND
HOSPITALITY MANAGEMENT IV LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MAURICIO PEREZ, CODY TAYLOR, JAMIE FLEMINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ISLAND HOSPITALITY MANAGEMENT III, LLC, a Delaware limited liability company; ISLAND HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-4903-DMG (JPRx)<br><br>**STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION**<br><br>Complaint Filed:  March 15, 2018 |

Subject to final approval by the Court, which counsel and the Parties agree to diligently pursue and recommend in good faith, Plaintiffs Jose Mauricio Perez, Jamie Flemings, and Cody Taylor ("Plaintiffs"), individually and on behalf of all other similarly situated persons aggrieved employees, and the State of California as to the claim pursuant to the Labor Code Private Attorneys General Act ("PAGA"), on the one hand, and Island Hospitality Management LLC, Island Hospitality Management II LLC, Island Hospitality Management III LLC, and Island Hospitality Management IV LLC  (collectively, "Island"), on the other hand, (Plaintiffs and Island are collectively referred to herein as the "Parties" and individually as a "Party") hereby agree to the following binding settlement of the class and representative action designated *Jose Perez, et al. v. Island Hospitality Management III LLC, et al.*, United States District Court for the Central District of California, Case No. 2:18-cv-04903-DMG-JPR (the "Action"), pursuant to the terms and conditions set forth below (the "Settlement," "Settlement Agreement" or "Agreement").

## I. __Definitions__.

The following definitions are applicable to this Settlement Agreement.  Definitions contained elsewhere in this Settlement Agreement will also be effective:

### A.     "Action."

The case entitled *Jose Perez, et al. v. Island Hospitality Management III LLC, et al.*, United States District Court for the Central District of California, Case No. 2:18-cv-04903-DMG-JPR.

### B.     "Amended Complaint."

Plaintiffs have articulated theories that would encompass claims against not just the named Defendants but also against their immediately affiliated companies, Island Hospitality Management II LLC and Island Hospitality Management IV LLC.  The Parties agree that, as a condition precedent to final approval of this Agreement, Plaintiffs will prepare an amended complaint to add Island Hospitality Management II LLC and Island Hospitality Management IV LLC as defendants to the action.  Defendants Island

1

Hospitality Management III LLC and Island Hospitality Management LLC will stipulate to the amendment for that limited purpose. Additionally, Plaintiffs shall undertake all acts as are appropriate and necessary to ensure Plaintiffs' individual standing to assert, and secure the full release of, all claims alleged in the Third and anticipated Fourth Amended Complaint.

### C.    "Attorneys' Fees" and "Costs."

The terms "Attorneys' Fees" and "Costs" shall mean the attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's litigation and resolution of the Action, and all costs incurred and to be incurred by Class Counsel in the Action, including, but not limited to, costs associated with documenting the Settlement, providing any notices required as part of the Settlement or Court's Order, securing the Court's approval of the Settlement, administering the Settlement, any expert expenses, and securing entry of judgment in the Action. Class Counsel will request attorneys' fees not to exceed one-third (1/3) of the Gross Class Settlement Amount of $1,100,000.00 (i.e., no more than $366,666.67 in attorneys' fees) and litigation costs incurred not to exceed an additional $35,000.00. The amount of Attorneys' Fees and Costs awarded are subject to the Court's approval. Island agrees not to oppose Class Counsel's request for Attorneys' Fees and Costs as set forth above. Such Attorneys' Fees and Costs shall be paid from the Gross Class Settlement Amount. Island shall have no liability for any other attorneys' fees or costs. If the Court approves less than the amount of Attorneys' Fees and Costs that Class Counsel request, then that will not be a basis to set aside this Settlement Agreement and the difference between the requested and awarded amounts will be distributed to Class Members on a proportional basis relative to the size of their claims as set forth in Section IV below. A condition precedent to the payment of any Attorneys' Fees and Costs shall be the receipt of an IRS Form W-9 by Class Counsel and each individual Plaintiff. Class Counsel will be issued an IRS Form 1099 for the Attorneys' Fees and Costs detailed in this Section and shall be solely and legally responsible for paying all applicable taxes on the payment made pursuant to this Section.

Class Counsel shall be entitled to no attorneys' fees or costs for any work performed in or related to the Action other than as provided in this Settlement Agreement. The instant Settlement Agreement is the exclusive means for recovery of any attorneys' fees or costs incurred in the Action by any attorney, law firm and/or other legal services provider.

**D.    "Class Counsel."**

Matthew J. Matern, Launa Adolph, and Deanna S. Leifer of Matern Law Group, PC shall be appointed Class Counsel upon approval by the Court.

**E.    "Class List."**

A complete list of all Class Members that Island will diligently and in good faith compile from their records and provide to the Settlement Administrator within thirty (30) business days after Preliminary Approval of this Settlement. The Class List will be formatted in a readable Microsoft Office Excel spreadsheet and will include each Class Member's full name, most recent mailing address, telephone number, Social Security number, dates of employment (*i.e.*, hire date and termination date, if applicable), approximate number of workweeks that a Class Member worked, and any other relevant information needed to calculate settlement payments.

No information allowing any individual identification of any Class Member shall be made available to Class Counsel by the Settlement Administrator.

**F.    "Class Member(s)."**

All current or former non-exempt employees who worked for Island Hospitality Management LLC, Island Hospitality Management II LLC, Island Hospitality Management III LLC, or Island Hospitality Management IV LLC in California during the Class Period.

**G.    "Class Period."**

The time period from March 15, 2014 to the earlier of February 28, 2020 or Preliminary Approval of the Settlement.

**H.    "Class Representative Enhancement Payment(s)."**

The amount to be paid to Plaintiffs in recognition of their efforts and work in prosecuting

the Action on behalf of Class Members and for their general release of claims.  Subject to the Court granting Final Approval of this Settlement Agreement, each Plaintiff will request Court approval of a Class Representative Enhancement Payment in the amount of Five Thousand Dollars ($5,000.00).  Each Plaintiff will be issued an IRS Form 1099 in connection with his or her Class Representative Enhancement Payment.  Plaintiffs shall be solely and legally responsible for paying any and all applicable taxes on these payments and shall hold Island harmless from any claim or liability for taxes, penalties or interest arising as a result of the payment.  The Class Representative Enhancement Payments will be paid from the Gross Class Settlement Amount and will be in addition to Plaintiffs' Individual Settlement Payments paid pursuant to the Settlement and are conditioned on the execution of a general release of claims as set forth below.  Island makes no representations as to the tax treatment or legal effect of the payments called for herein, and Plaintiffs are not relying on any statement or representation by Island or its counsel in this regard.  If the Court approves less than the amount of Class Representative Enhancement Payments that Plaintiffs request, then that will not be a basis to set aside this Settlement Agreement and the difference between the requested and awarded amounts will be distributed to Class Members on a proportional basis relative to the size of their claims as set forth in Section IV below.

I.    **"Gross Class Settlement Amount."**

The sum of no more than $1,100,000.00 to be paid by Island in full satisfaction of all Released Claims and Plaintiffs' released claims.  The class action settlement will be on a common fund basis, there will be no claim form or claims process, and there will be no reversion to Island. The Gross Class Settlement Amount includes all Individual Settlement Payments to Class Members, the Class Representative Enhancement Payments to Plaintiffs, Settlement Administration Costs to the Settlement Administrator, the LWDA Payment, and the Attorneys' Fees and Costs.

Under no circumstances shall the Gross Class Settlement Amount exceed $1,100,000.00.  Nevertheless, Island will be responsible for any employer payroll taxes

4

required by law, separate and in addition to the Gross Class Settlement Amount, including the employer FICA, FUTA, and SDI contributions on the wage portion of the Individual Settlement Payments.

**J.     "Effective Date."**

The date on which the Final Award becomes final.  For purposes of this Section, the Final Award "becomes final" only after the Court grants the Motion for Final Approval and upon the latter of: (i) if no objections to the settlement are filed, Final Approval; (ii) if objections are filed and overruled and no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from, or other challenge to, Final Approval (this time period shall not be less than 30 calendar days after the Court's Order is entered); (iii) if an appeal is taken from Final Approval, the date twenty (20) calendar days after the appeal is withdrawn or after an appellate decision affirming Final Approval becomes final under the Federal Rules of Civil and Appellate Procedure.  In the event an appeal is filed before the settlement payments are mailed, such mailing shall be stayed until the appeal has been dismissed. It is the intention of the Parties that the Settlement shall not become effective until the Court's Final Order approving the Settlement has become completely final, and no recourse remains for an appellant or objector to contest the Settlement.

**K.     "Final Approval" or "Final Award."**

The court order granting final approval of the Settlement Agreement.

**J.     "Final Approval Hearing."**

The hearing to be conducted by the Court after the filing of an appropriate motion by Plaintiffs and following appropriate notice to Class Members giving Class Members an opportunity to request exclusion from the class and Settlement and to object to the Settlement, at which time Plaintiffs shall request that the Court finally approve the Settlement, enter judgment, and take other appropriate action.

**L.     "Individual Settlement Payment(s)."**

Each Class Member's share of the Net Settlement Amount, which shall be

distributed to the Settlement Class Members, less employee portions of state and federal withholding taxes, including the employee FICA, FUTA and SDI contributions and any other applicable payroll deductions required by law as a result of the payment of the amount allocated to such Class Member as set forth herein.

**M.   "LWDA Notice."**

Plaintiffs will submit a Notice to the Labor and Workforce Development Agency ("LWDA") of this Settlement along with a copy of this Settlement Agreement within ten (10) calendar days of its execution by all Parties and Class Counsel, and will thereafter submit a copy of any judgment or any other order (*e.g.*, the Final Award) providing for an award of civil penalties in conformity with Labor Code Section 2699(l).

**N.   "LWDA Payment."**

The amount that the Parties have agreed to pay to the LWDA in connection with settlement of Plaintiffs' PAGA claims.  The Parties have agreed that $100,000.00 of the Gross Class Settlement Amount will be allocated to the resolution of any Class Members' claims arising under the PAGA ("PAGA Settlement Amount").  Pursuant to the PAGA, $75,000.00 (75%) of the PAGA Settlement Amount will be paid to the LWDA and $25,000.00 (25%) of the PAGA Settlement Amount will be included in the Net Settlement Amount.  Any change in the requested LWDA Payment is not a material term of this Agreement.  If the Court approves a lesser or greater amount than that requested, the other terms of this Agreement shall still remain in effect.  However, the Court's approval of some payment to the LWDA is a material term of the Settlement and this Agreement.  If the Court does not approve any LWDA Payment, then the entire Agreement will be, at Island's sole discretion, void and unenforceable.  In such a case, the Parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that the costs of administration shall be borne by Island.

//

**O.    "Net Settlement Amount."**

The portion of the Gross Class Settlement Amount remaining after deduction of the approved Class Representative Enhancement Payments, Settlement Administration Costs, LWDA Payment, and the Attorneys' Fees and Costs.

**P.    "Notice of Class Action Settlement."**

The document substantially in the form attached as Exhibit 1, which shall be subject to Court approval, that will be mailed to Class Members' last known addresses and which will provide Class Members with information regarding the Action and Settlement.

**Q.    "Notice of Objection."**

A Class Member's written objection to the Settlement.  For the Notice of Objection to be valid, it must include the Class Member's full name, signature, address, telephone number, and a written statement of all grounds for the objection.  The Notice of Objection must be returned by mail or fax to the Settlement Administrator at the specified address or facsimile number and postmarked or faxed on or before the Response Deadline.  The date of the postmark or fax receipt confirmation will be the exclusive means to determine whether a Notice of Objection has been timely submitted.

Class Members who fail to make valid and timely objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.  Neither the Parties nor their counsel will solicit or otherwise encourage or discourage Class Members to submit Notices of Objection or appeal from the Final Award.  Class Counsel will not represent any Class Members with respect to any objections to this Settlement.  The Settlement Administrator shall provide counsel for the Parties with complete copies of all objections received, including the date of postmark or fax receipt confirmation for each objection, within five (5) calendar days of receipt. Class Counsel will provide a single packet of copies of any objections and supporting documents to the Court at least sixteen (16) court days before the Final Approval

Hearing.  A Class Member who excludes himself or herself from the Settlement shall lose standing to object.

**R.      "Notice Packet."**

The Notice of Class Action Settlement and Individual Settlement Payment calculations, which shall include workweek information, in English, Spanish and Tagalog.

**S.      "Plaintiffs."**

Plaintiffs Jose Mauricio Perez, Cody Taylor, and Jamie Flemings, on behalf of themselves and all others similarly situated and the State of California as to the PAGA claim.

**T.      "Plaintiffs' Released Claims."**

Upon the Effective Date, and as a condition of receiving any portion of their Class Representative Enhancement Payments, Plaintiffs shall fully and finally release the Released Parties from any and all claims, known and unknown, under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to claims arising from or related to their employment with Island and their compensation while an employee of Island.  Plaintiffs' Released Claims include, but are not limited to, all claims arising from or related to the Action.  Plaintiffs' Released Claims include all claims for unpaid wages, including, but not limited to, failure to pay minimum wages, overtime compensation, and interest; the calculation of the regular rate of pay; unpaid wages; untimely wages; meal period and rest period wages and penalties; reimbursement for business expenses; payment for all hours worked, including off-the-clock work; wage statements; deductions; failure to keep accurate records; unfair business practices; penalties, including, but not limited to, recordkeeping penalties, wage statement penalties, minimum wage penalties, and waiting-time penalties; and attorneys' fees and costs.  Plaintiffs' Released Claims include all claims arising under the California Labor Code; all claims arising under the California Industrial Welfare Commission Wage Orders; the California Private Attorneys General Act of 2004

(PAGA); California Business and Professions Code section 17200, *et seq.*; the California Civil Code, to include sections 3287, 3336 and 3294; California Code of Civil Procedure § 1021.5; the California common law of contract; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and all regulations implementing and interpreting the FLSA, federal common law; the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (ERISA), all claims for lost wages and benefits, emotional distress, retaliation, punitive damages, and attorneys' fees and costs arising under federal, state, or local laws for discrimination, harassment, retaliation, and wrongful termination, such as, by way of example only, (as amended) 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), the California Fair Employment and Housing Act (FEHA), and the law of contract and tort.  This release excludes the release of claims not permitted by law.

Plaintiffs' Released Claims include all claims, whether known or unknown.  Even if Plaintiffs discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of Plaintiffs' Released Claims, those claims will remain released and forever barred.  Thus, Plaintiffs expressly waive and relinquish the provisions, rights and benefits of California Civil Code section 1542, which reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

**U.    "Preliminary Approval."**

The Court's order granting preliminary approval of the Settlement Agreement, approving and authorizing the mailing of the Notice Packet by the Settlement Administrator, and setting the date of the Final Approval Hearing.

//

1

**V.   "Qualified Gross Settlement Account."**

2

The fund established by the Settlement Administrator pursuant to Internal Revenue

3

Code Section 1.468B-1.

4

**W.   "Released Claims."**

5

Upon the Effective Date, each Settlement Class Member shall release the Released

6

Parties from any and all claims, debts, liabilities, demands, obligations, penalties, premium

7

pay, guarantees, costs, expenses, attorney's fees, damages, actions or causes of action of

8

whatever kind or nature, whether known or unknown, contingent or accrued, under any

9

legal theory under federal and state law for any alleged failure to pay all wages due

10

(including minimum wage and overtime wages), failure to pay for all hours worked

11

(including off-the clock work), failure to provide meal and rest periods, failure to failure

12

to timely pay wages and final wages, failure to properly calculate the regular rate of pay,

13

failure to reimburse business expenses, failure to furnish accurate wage statements

14

including claims derivative and/or related to these claims, liquidated damages, conversion

15

of wages, pre and post shift work and record-keeping violations, up to and including the

16

date of final approval by the Court.  This Release shall include, all claims arising  under

17

the applicable regulations, Wage Orders and Labor Code, including sections 201, 202, 203,

18

204, 206, 210, 218, 218.5, 226, 226.3, 226.7, 227, 227.3, 510, 511, 512, 515, 517, 551,

19

552, , 558, 1174, 1175, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, as well as

20

claims under Business and Professions Code section 17200 et seq., and/or Labor Code

21

section 2698 *et seq.* based on alleged violations of any of the above Labor Code provisions,

22

and any other benefit claimed on account of the allegations asserted in the Amended

23

Complaint ("Released Claims").  This Agreement is contingent upon the Court's approval

24

of this release, which is intended to be a full release of all claims asserted in the then-

25

operative amended complaint.  This release shall apply to all claims arising at any point

26

during the Class Period, but this release , shall not include unrelated claims like retaliation,

27

discrimination, workers' compensation, or ERISA claims, or claims arising outside the

28

Class Period.

The Parties acknowledge that the following three lawsuits exist and have claims that are asserted in and/or factually related to the Action:  *Cruz v. Island Hospitality Management III LLC* (Santa Clara County Superior Court Case No. 19CV353655; *Leon, et al. v. Island Hospitality Management III LLC* (Orange County Superior Court Case No. 30-2019-01050719-CU-OE-CXC; and *Vela v. Island Hospitality Management LLC et al.* (San Diego County Superior Court, Case No. 37-2019-0003525).  The Parties acknowledge that the courts will be the final arbiters of the impact, if any, of this Settlement on these lawsuits.

**X.   "Released Parties."**

Island Hospitality Management LLC, Island Hospitality Management Inc., Island Hospitality Management II LLC, Island Hospitality Management II Inc., Island Hospitality Management III LLC, Island Hospitality Management III Inc., Island Hospitality Management IV LLC, Island Hospitality Management IV Inc., Island Hospitality Management V LLC, Island Hospitality Management V Inc., Island Hospitality Florida Management LLC, Island Hospitality Joint Venture LLC, Island JV Member Inc., Platform Hospitality Investor T-II, LLC, Chatham Lodging Trust, Colony Capital, Inc., LVP CY Paso Robles Holding Corporation, and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys of any of these named businesses.

**Y.   "Request for Exclusion."**

A notice submitted by a Class Member requesting to be excluded from the Settlement.  For the Request for Exclusion to be valid, it must include the Class Member's full name and a written statement requesting to be excluded from this Settlement. The Request for Exclusion must be returned by mail or fax to the Settlement Administrator at the specified address or facsimile number and postmarked or faxed on or before the Response Deadline.  The date of the postmark or fax receipt confirmation will be the exclusive means to determine whether a Request for Exclusion has been timely submitted.  A Class Member who does not submit a timely and valid Request for

Exclusion from the Settlement will be deemed a Settlement Class Member and will be bound by all terms of the Settlement Agreement if the Court grants final approval of the Settlement.

Any Class Member who opts out of the Settlement may not submit a Notice of Objection, shall not receive an Individual Settlement Payment, and shall not be bound by the release set forth in this Agreement.  If a Class Member submits both a Request for Exclusion and a Notice of Objection, then the Request for Exclusion will be valid and will invalidate the Notice of Objection.

**Z.    "Response Deadline."**

The date stated on the Notice of Class Action Settlement or a re-mailed Notice Packet, whichever is later, by which Class Members must mail or fax to the Settlement Administrator valid Requests for Exclusion, Notices of Objection to the Settlement, or workweek disputes.  The Response Deadline will be forty-five (45) calendar days from the initial mailing of the Notice Packet by the Settlement Administrator, unless the 45th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.  The Response Deadline for Requests for Exclusion, Notices of Objection, or disputes will be extended ten (10) calendar days for any Class Member who is re-mailed a Notice Packet by the Settlement Administrator, unless the 10th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.  The Response Deadline may also be extended by express agreement between Class Counsel and Island.  Under no circumstances, however, will the Settlement Administrator have the authority to unilaterally extend the deadline for Class Members to submit Requests for Exclusion, Notices of Objection, or workweek disputes.

**AA.   "Settlement Administrator."**

Simpluris, Inc. shall be the third-party class action settlement administrator as agreed to by the Parties and approved by the Court for the purposes of administering this Settlement and will issue to class members Forms W-2 and 1099 for all amounts paid

under this Settlement, making all deductions and withholdings required under law.  The Parties each represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

**BB.   "Settlement Administration Costs."**

The costs payable from the Gross Class Settlement Amount to the Settlement Administrator are for administering this Settlement, including, but not limited to, printing, distributing, and tracking documents for this Settlement, calculating estimated amounts per Class Member, tax reporting, distributing the Gross Class Settlement Amount, and providing necessary reports and declarations, and other duties and responsibilities set forth herein to process this Settlement Agreement, and as requested by the Parties.  The Settlement Administration Costs will be paid from the Gross Class Settlement Amount, including, if necessary, any such costs in excess of the amount represented by the Settlement Administrator as being the maximum costs necessary to administer the Settlement.  The Settlement Administration Costs are currently estimated to not exceed $21,600.00.  To the extent actual Settlement Administration Costs are greater than $21,600.00, such excess amount will be deducted from the Gross Class Settlement Amount, subject to the Court's approval.  The Settlement Administration Costs will be paid no sooner than twenty-five (25) calendar days following the Effective Date.  Settlement Administration Costs allocated but not paid to the Settlement Administrator will be distributed to the Settlement Class Members on a proportional basis relative to the size of their claims as set forth in Section IV below.

**CC.   "Settlement Class Member."**

Plaintiffs and all other Class Members who do not submit a valid and timely Request for Exclusion.

**DD.   "Settlement Payment Check."**

The Settlement Payment Check is the payment to a Settlement Class Member.

//

**II.   <u>Funding of the Gross Class Settlement Amount</u>.**

Within fifteen (15) calendar days after the Effective Date, Island will make a one-time deposit of the Gross Class Settlement Amount into the Qualified Gross Settlement Account.  Within ten (10) calendar days of the funding of the Settlement, the Settlement Administrator will issue the following payments: (a) Individual Settlement Payments to the Settlement Class Members; (b) the LWDA payment; (c) the Class Representative Enhancement Payments to Plaintiffs; and (d) the Attorneys' Fees and Costs to Class Counsel, pursuant to the terms of this Agreement and any Court orders modifying it.  The Settlement Administrator will also issue a payment to itself for Court-approved services performed in connection with the Settlement.  Island has no obligation to deposit such funds prior to the deadline set forth herein.

**IV.   <u>Individual Settlement Payment Calculations</u>.**

Individual Settlement Payments will be calculated and apportioned from the Net Settlement Amount based on the number of workweeks that a Settlement Class Member worked for Island as a non-exempt employee in California during the Class Period. Specific calculations of Individual Settlement Payments will be made as follows:

1.     Island will calculate the total number of weeks worked by each Settlement Class Member ("Individual Workweeks") and the total number of weeks worked by all Settlement Class Members ("Class Workweeks") during the Class Period.

2.     To determine each Settlement Class Member's Individual Settlement Payment, the Settlement Administrator will use the following formula: Individual Settlement Payment = (Individual Workweeks ÷ Class Workweeks) × Net Settlement Amount.

3.     The Individual Settlement Payment will be reduced by any required deductions for each Settlement Class Member as set forth in this Agreement, including employee-side tax withholdings or deductions.

4.     The Individual Settlement Payments made to Settlement Class Members under this Settlement, and any other payments made pursuant to this Settlement, will not

be utilized to calculate any additional benefits under any benefit plans to which any Settlement Class Members may be eligible, including, but not limited to, profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan.  Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Settlement Class Members may be entitled under any benefit plans.

## V.    **Settlement Administration Process.**

1.    The Parties agree to cooperate in the administration of the Settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.  The Settlement Administrator will provide the following services:

a.    Establish and maintain a Qualified Gross Settlement Account.

b.    Calculate the Individual Settlement Payment each Class Member is eligible to receive.

c.    Translate the Notice Packet into Spanish and Tagalog.

d.    Print and mail the Notice Packet in English, Spanish and Tagalog.

e.    Establish and maintain a toll-free information telephone support line to assist Class Members who have questions regarding the Notice Packet.

f.    Conduct additional address searches for mailed Notice Packets that are returned as undeliverable.

g.    Process Requests for Exclusion, calculate Class Members' Individual Settlement Payments, and field inquiries from Class Members.

h.    Calculate settlement proceeds, calculate employee tax withholdings, forward all payroll taxes and penalties to the appropriate government authorities, print and issue Settlement Payment Checks, and prepare IRS W-2 and 1099 Tax Forms.

i.    Issue to Plaintiffs, Settlement Class Members, and Class Counsel any

15

W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Settlement.

    j.    Provide declarations and/or other information to the Court as requested by the Parties and/or the Court.

    k.    Provide weekly status reports to counsel for the Parties.

    l.    Create, maintain, administer and then close the Qualified Gross Settlement Account.

2.    Within thirty (30) calendar days of the later of Preliminary Approval or court approval of the Notice of Class Action Settlement, Island will provide the Class List to the Settlement Administrator.

3.    Within thirty-five (35) business days of the later of Preliminary Approval or court approval of settlement notice to the class, the Settlement Administrator will mail a Notice Packet to all Class Members via regular First-Class U.S. Mail, using the last known mailing addresses identified in the Class List.

4.    Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct any known or identifiable address changes.  Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Settlement Administrator will indicate the date of such re-mailing on the Notice Packet.  If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved, and will then perform a single re-mailing.  Those Class Members who receive a re-mailed Notice Packet, whether by skip-trace or by request, will have until the later of (a) an additional ten (10) calendar days or (b) the Response Deadline to postmark or fax a Request for Exclusion or Notice of Objection to the Settlement.

5.    All Class Members will be mailed a Notice Packet containing the forms

STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION

attached as Exhibit 1 as approved by the Court.

6.     Class Members will have an opportunity to dispute the information provided in their Notice Packets.  To the extent Class Members dispute the number of workweeks which have been credited to them or the amount of their Individual Settlement Payment, Class Members may produce evidence to the Settlement Administrator substantiating the dispute.  Absent evidence rebutting Island's records, Island's records will be presumed determinative.  However, if a Class Member produces evidence to the contrary, the Settlement Administrator will evaluate the evidence submitted by the Class Member and will make the final decision as to the number of eligible workweeks that should be applied and/or the Individual Settlement Payment to which the Class Member may be entitled.  The workweek dispute must be returned by mail or fax to the Settlement Administrator at the specified address or facsimile number shown on the Notice of Class Action Settlement or re-mailed Notice Packet and postmarked or faxed on or before the Response Deadline.  The date of the postmark or fax receipt confirmation will be the exclusive means to determine whether a workweek dispute has been timely submitted. All such disputes are to be resolved not later than fourteen (14) calendar days after the Response Deadline.

7.     <u>Defective Submissions</u>.  If a Class Member's Request for Exclusion is defective as to the requirements listed in this Agreement, then that Class Member will be given an opportunity to cure the defect(s).  The Settlement Administrator will mail the Class Member a cure letter within three (3) business days of receiving the defective submission to advise the Class Member that his or her submission is defective and that the defect must be cured to render the Request for Exclusion valid.  The Class Member will have until the later of (a) the Response Deadline or (b) ten (10) calendar days from the date of the cure letter, whichever date is later, to postmark or fax a revised Request for Exclusion.

8.     <u>Request for Exclusion Procedures</u>.  Any Class Member wishing to opt-out from the Settlement Agreement must sign and postmark or fax a written Request for

Exclusion to the Settlement Administrator within the Response Deadline. The date of the postmark on the return mailing envelope or the fax receipt confirmation will be the exclusive means to determine whether a Request for Exclusion has been timely submitted. All Requests for Exclusion will be submitted to the Settlement Administrator, who will certify jointly to Class Counsel and Island's Counsel the Requests for Exclusion that were timely submitted. Any Class Member who does not timely seek exclusion will be bound by the terms of this Settlement Agreement.

## VI.  NULLIFICATION OF THE SETTLEMENT AGREEMENT.

1.  <u>Island's Option to Nullify the Settlement Agreement</u>. If ten percent (10%) or more of the Class Members opt out of the Settlement, Island, in its sole discretion, shall have the option to nullify the Settlement Agreement. Island shall give written notice to Class Counsel within thirty (30) calendar days after expiration of the Response Deadline if it elects to nullify the Agreement. In such a case, the Parties and any funds to be awarded under this Settlement Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be paid by Island. The Parties and their counsel agree not to encourage or discourage opt-outs from Class Members.

2.  <u>Nullification of the Settlement Agreement.</u> In the event: (i) the Court does not enter the Preliminary Approval Order and approve the Released Claims specified herein; (ii) the Court does not issue a Final Award as provided herein; (iii) Island exercises its option to nullify the Settlement Agreement based on the number of opt-outs, as described in the above Section; or (iv) the Settlement does not become final for any other reason (*e.g.*, an objection by the LWDA), this Settlement Agreement shall be null and void. Any order or judgment entered by the Court in furtherance of this Settlement Agreement shall be treated as void from the beginning, and the Stipulations and Recitals contained herein shall be of no force or effect, and shall not be treated as an admission by

any of the Parties or their respective counsel.  In such a case, the Parties and any funds to be awarded under this Settlement Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be shared equally by the Parties, unless Island exercises its option to nullify the Settlement Agreement based on an excessive number of opt-outs, in which case any fees already incurred by the Settlement Administrator shall be paid by Island.

3.  <u>Settlement Terms Bind All Class Members Who Do Not Opt Out</u>.  Any Class Member who does not affirmatively opt out of the Settlement Agreement by submitting a timely and valid Request for Exclusion will be bound by all its terms.

## VII.  <u>Certification Reports Regarding Individual Settlement Payment Calculations</u>.

1.  The Settlement Administrator will provide Island's counsel and Class Counsel a weekly report which certifies: (a) the number of Class Members who have submitted valid Requests for Exclusion; (b) any Notice of Objection submitted to the Settlement along with a copy of any such Notices of Objection; and (c) whether any Class Member has submitted a dispute to any information contained in his/her Notice Packet. Additionally, the Settlement Administrator will provide to counsel for the Parties any updated reports regarding the administration of the Settlement Agreement as needed or requested.

2.  <u>Uncashed Settlement Checks</u>.  Any checks issued by the Settlement Administrator to Class Members will be negotiable for one hundred eighty (180) calendar days.  After one hundred eighty (180) calendar days from the date of mailing, the Settlement Administrator shall distribute the value of any uncashed checks to the State Controller's Office Unclaimed Property Fund in the name of the Settlement Class Member.

3.  <u>Certification of Completion</u>.  Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to

certify such completion to the Court and counsel for all Parties.

**VIII.  Tax Treatment of Individual Settlement Payments.**

All Individual Settlement Payments will be allocated as follows: one-third (1/3) wages, one-third (1/3) interest, and one-third (1/3) penalties.

The portion allocated to wages will be reported on an IRS Form W-2 and the portions allocated to non-wages will be reported on an IRS Form-1099 by the Settlement Administrator.  The Individual Settlement Payments will be reduced by any required legal deductions for each Settlement Class Member.  All standard employee payroll deductions will be made for state and federal withholding taxes, including any other applicable payroll deductions owed by the Settlement Class Members as a result of the wage component, resulting in a net wage component.  The Settlement Administrator will issue a check and W-2 Form to each Settlement Class Member for the wage component. No withholding shall be made on the interest and penalty portions of the Individual Settlement Payment.  The Settlement Administrator will issue a second check and IRS Form-1099 for the remaining interest and penalty components.  The Settlement Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes.  The Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Settlement Agreement.  Any disputes not resolved by the Settlement Administrator concerning the administration of the Settlement will be resolved by the Court, under the laws of the State of California.  Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to resolve the dispute without the necessity of involving the Court.

**IX.  Administration of Taxes by the Settlement Administrator.**

1.  Tax Liability.  Island and Class Counsel make no representation as to the tax treatment or legal effect of the payments called in this Agreement, and Plaintiffs and Class Members are not relying on any statement, representation, or calculation by Island, Class Counsel, or the Settlement Administrator in this regard.  Plaintiffs and Class

Members understand and agree they will be solely responsible for the payment of their share of any taxes and penalties assessed on the payments described herein.

      2.    <u>Circular 230 Disclaimer</u>.  EACH PARTY TO THIS SETTLEMENT AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS SETTLEMENT AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS SETTLEMENT AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS SETTLEMENT AGREEMENT, (B) HAS NOT ENTERED INTO THIS SETTLEMENT AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE

OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS SETTLEMENT AGREEMENT.

## X.   Release by Class Members.

1.   <u>No Prior Assignments</u>. The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

2.   It is the desire of Plaintiffs, Settlement Class Members, and Island to fully, finally, and forever settle, compromise, and discharge the Released Claims.  Upon Final Approval by the Court, and except as to such rights or claims as may be created by this Settlement Agreement, the Settlement Class Members shall fully release and discharge the Released Parties from any and all Released Claims arising during the Class Period. This release shall be binding on all Settlement Class Members, including each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns, and shall inure to the benefit of the Released Parties, who shall have no further or other liability or obligation to any Settlement Class Member with respect to the Released Claims, except as expressly provided herein.

## XI.   Materiality of Terms.

1.   The Court's approval of Class Representative Enhancement Payments, Attorneys' Fees and Costs, Settlement Administrator Costs and the LWDA Payment are not material terms of this Agreement.  If the Court approves only a lesser amount of these payments, then the other terms of this Agreement shall still remain in effect and the difference will be part of the Net Settlement Amount.

2.   Except as otherwise stated in this Agreement, each substantive term of this Agreement is material and has been relied upon by the Parties in entering into this Agreement.  Any failure by the Court to fully and completely approve the material terms of this Settlement Agreement will result in this Settlement Agreement, and all obligations under this Settlement Agreement, being nullified and voided.  Upon such failure, any

order or judgment entered by the Court in furtherance of this Settlement Agreement shall be treated as void from the beginning, and the Stipulations and Recitals contained herein shall be of no force or effect and shall not be treated as an admission by the Parties or their counsel. In such a case, the Parties and any funds to be awarded under this Settlement Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be paid equally by the Parties.

**XII.** **Preliminary Approval Hearing.**

1.     Plaintiffs will obtain a hearing before the Court to request Preliminary Approval of the Settlement Agreement and the entry of an order: (a) provisionally certifying the class for settlement purposes only, (b) preliminarily approving the Settlement Agreement, (c) approving the Notice Packet and the method of distribution of the Notice Packet, and (d) setting a date for a Final Approval Hearing.

2.     The Preliminary Approval Order will provide for the Notice Packet to be sent to all Class Members as specified herein. In conjunction with the Preliminary Approval Hearing, Plaintiffs will submit this Settlement Agreement and will include the proposed Notice Packet.

3.     Class Counsel will be responsible for drafting all documents necessary to obtain Preliminary Approval.

**XIII.** **Final Settlement Approval Hearing and Entry of Judgment.**

1.     Upon expiration of the Response Deadline, and with the Court's permission, a Final Approval Hearing will be conducted to determine whether to grant Final Approval of the Settlement Agreement, including the amounts properly payable for: (a) Attorneys' Fees and Costs; (b) the LWDA Payment; (c) the Class Representative Enhancement Payments; and (d) Settlement Administration Costs.

2.     The Parties shall request that the Final Approval Hearing will be set for a

date no later than thirty (30) calendar days after the Response Deadline.

3.     Class Counsel will be responsible for drafting all documents necessary to obtain Final Approval.  Class Counsel will also be responsible for drafting the Attorneys' Fees and Costs application to be heard at the Final Approval Hearing.

**XIV.   Judgment and Continued Jurisdiction.**

The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection with it, and the Parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the Settlement and all orders and judgments entered in connection with it.

**XV.    Other Provisions.**

1.     Exhibits Incorporated by Reference.  The terms of this Settlement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  Any Exhibits to this Settlement are an integral part of the Settlement.

2.     Entire Agreement.  This Settlement Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms.  Once it is fully executed, no other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

3.     Amendment or Modification.  This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest and approved by the Court.  If the Court requires certain non-material modifications to be made to this Settlement Agreement as a condition for granting approval, then the Parties agree that their counsel can enter into a stipulation to modify this Agreement to conform it to the Court's Order and that signatures of counsel shall suffice for such an amendment.

4.     Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to

24

negotiate this Settlement Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of mediator Lou Marlin to resolve such disagreement.

5.  <u>Binding on Successors and Assigns</u>.  This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

6.  <u>California Law Governs</u>.  All terms of this Settlement Agreement and Exhibits will be governed by and interpreted according to the laws of the State of California.

7.  <u>Execution and Counterparts</u>.  This Settlement Agreement is subject only to the execution of all Parties.  However, the Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them, including facsimile and scanned copies of the signature page, will be deemed to be one and the same instrument.

8.  <u>Acknowledgement that the Settlement is Fair and Reasonable</u>.  The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential.  The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

9.  <u>Invalidity of Any Provision</u>.  Before declaring any provision of this Settlement Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION

10.   <u>Waiver of Certain Appeals</u>.  The Parties agree to waive appeals and to stipulate to class certification for purposes of this Settlement only; except, however, that either Party may appeal any Court order that materially alters the Settlement Agreement's terms.

11.   <u>Class Action Certification for Settlement Purposes Only</u>.  The Parties agree to stipulate to class certification only for purposes of the Settlement.  If, for any reason, the Court does not grant preliminary or final approval of the Settlement, the stipulation to certification will be void.  The Parties further agree that certification for purposes of the Settlement is not an admission that class action certification is proper under the standards applied to contested certification motions and that this Settlement Agreement will not be admissible in this or any other proceeding as evidence that either: (a) a class action should be certified or (b) Island is liable to Plaintiffs or any Class Member, other than according to the Settlement's terms.

12.   <u>Non-Admission of Liability</u>.  The Parties enter into this Settlement Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense, and risk of continued litigation. In entering into this Settlement Agreement, Island does not admit, and specifically denies, that it has violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to its employees.  Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Island of any such violations or failures to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Settlement Agreement, this Settlement Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Island or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or

STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION

other applicable law.

13.   <u>Captions</u>.  The captions and section numbers in this Settlement Agreement are inserted for the reader's convenience, and in no way define, limit, construe or describe the scope or intent of the provisions of this Settlement Agreement.

14.   <u>Waiver</u>.  No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

15.   <u>Mutual Preparation</u>.  The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement.  Accordingly, this Settlement Agreement will not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

16.   <u>Representation by Counsel</u>.  The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Settlement Agreement and that this Settlement Agreement has been executed with the consent and advice of counsel and reviewed in full.  Each Plaintiff is advised to speak with any lawyer of his/her choice before signing this Agreement.

17.   <u>All Terms Subject to Final Court Approval</u>.  All amounts and procedures described in this Settlement Agreement herein will be subject to final Court approval.

18.   <u>Cooperation and Execution of Necessary Documents</u>.  All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement.

19.   <u>Binding Agreement</u>. The Parties warrant that they understand and have full authority to enter into this Settlement, intend that this Settlement Agreement will be fully enforceable and binding on all Parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation

confidentiality provisions that otherwise might apply under federal or state law. Plaintiffs and Island, and not their representative(s), must personally execute this Settlement Agreement.

20.  <u>No Prior Assignments or Undisclosed Liens</u>.  Plaintiffs and Class Counsel represent that they have not assigned, transferred, conveyed, or otherwise disposed of any Released Claim or claim to attorneys' fees and costs to be paid under this Agreement. Plaintiffs and Class Counsel further represent and warrant that there are not any liens or claims against any amount that Island is to pay under this Agreement.  Plaintiffs and Class Counsel agree to defend, indemnify, and hold Island harmless from any liability, losses, claims, damages, costs, or expenses, including reasonable attorneys' fees, resulting from a breach of these representations or from any lien or assignment.

21.  <u>Confidential Information</u>.  Class Counsel will destroy all confidential documents and information provided by Island within 60 calendar days after the completion of the administration of this Agreement.  Class Counsel further agree that none of the information provided by Island shall be used for any purpose other than prosecution of this Action.

//
//
//
//
//
//
//
//
//
//
//
//

STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION

1       22.   <u>Publicity</u>.  Neither Plaintiffs nor Class Counsel will publicize the Settlement

2   in any way.  Nothing in this Stipulation shall preclude Class Counsel from

3   communicating with members of the Settlement Class after preliminary approval, and

4   after preliminary approval Class Counsel are permitted to post court-filed documents on

5   their website for viewing by the Class Members, provided that such posting is not

6   promotional in any manner.

7   **SO AGREED:**

8

9   Dated: February ___<sup>5</sup>, 2020          _____

10                                    Plaintiff Jose Mauricio Perez

11   Dated: February ___, 2020          _____

12                                    Plaintiff Jamie Flemings

13   Dated: February ___, 2020          _____

14                                    Plaintiff Cody Taylor

15

16   Dated: February ___, 2020

17

18                         By _____

19                             For Island Hospitality Management LLC,
                                Island Hospitality Management II LLC,

20                             Island Hospitality Management III LLC, and
                                Island Hospitality Management IV LLC

21

22

23

24

25

26

27

28

STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION

1    22.  <u>Publicity</u>.  Neither Plaintiffs nor Class Counsel will publicize the Settlement

2  in any way.  Nothing in this Stipulation shall preclude Class Counsel from

3  communicating with members of the Settlement Class after preliminary approval, and

4  after preliminary approval Class Counsel are permitted to post court-filed documents on

5  their website for viewing by the Class Members, provided that such posting is not

6  promotional in any manner.

7  **SO AGREED:**

8

9  Dated: February ___, 2020                         _____
                                                      Plaintiff Jose Mauricio Perez
10

11  Dated: February  5  ___, 2020                     *Jamie Flemings*
                                                      Plaintiff Jamie Flemings
12

13  Dated: February ___, 2020                         _____
                                                      Plaintiff Cody Taylor
14

15

16  Dated: February ___, 2020

17

18                                                 By _____
                                                      For Island Hospitality Management LLC,
19                                                    Island Hospitality Management II LLC,
                                                      Island Hospitality Management III LLC, and
20                                                    Island Hospitality Management IV LLC

21

22

23

24

25

26

27

28

STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION

1       22.   <u>Publicity</u>.  Neither Plaintiffs nor Class Counsel will publicize the Settlement

2   in any way.  Nothing in this Stipulation shall preclude Class Counsel from

3   communicating with members of the Settlement Class after preliminary approval, and

4   after preliminary approval Class Counsel are permitted to post court-filed documents on

5   their website for viewing by the Class Members, provided that such posting is not

6   promotional in any manner.

7   **SO AGREED:**

8

9   Dated: February ____, 2020                _____

10                                          Plaintiff Jose Mauricio Perez

11   Dated: February ____, 2020                _____

12                                          Plaintiff Jamie Flemings

13   Dated: February <u>05</u>__, 2020                _Cody Taylor_ (signature)

14                                          Plaintiff Cody Taylor

15

16   Dated: February ____, 2020

17

18                             By _____

19                                   For Island Hospitality Management LLC,

20                                 Island Hospitality Management II LLC,
Island Hospitality Management III LLC, and
Island Hospitality Management IV LLC

21

22

23

24

25

26

27

28

29

1        22.   <u>Publicity</u>.  Neither Plaintiffs nor Class Counsel will publicize the Settlement

2    in any way.  Nothing in this Stipulation shall preclude Class Counsel from

3    communicating with members of the Settlement Class after preliminary approval, and

4    after preliminary approval Class Counsel are permitted to post court-filed documents on

5    their website for viewing by the Class Members, provided that such posting is not

6    promotional in any manner.

7    **SO AGREED:**

8

9    Dated: February ___, 2020

                                                    _____
10
                                                    Plaintiff Jose Mauricio Perez

11   Dated: February ___, 2020

                                                    _____
12
                                                    Plaintiff Jamie Flemings

13   Dated: February 05 ___, 2020

                                                    _____
14                                                  Plaintiff Cody Taylor

15

16   Dated: February 10 ___, 2020

17

18                                                  By _____

19                                                  For Island Hospitality Management LLC,
                                                    Island Hospitality Management II LLC,
                                                    Island Hospitality Management III LLC, and
20                                                  Island Hospitality Management IV LLC

21

22

23

24

25

26

27

28

STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION

# EXHIBIT 1

LEGAL NOTICE:

---

If you worked for Island Hospitality Management LLC, Island Hospitality Management II LLC, Island Hospitality Management III LLC, or Island Hospitality Management IV LLC as a non-exempt employee in California from March 15, 2014
through February 28, 2020, this class action settlement will affect your rights

*A court authorized this Notice.*

*Perez, et al. v. Island Hospitality Management III LLC, et al.,*
United States District Court for the Central District of California, Case No. 2:18-cv-04903-DMG-JPR

---

Notice is hereby given that a proposed settlement ("Settlement") of the above-referenced class action lawsuit (the "Action") has been reached by the named plaintiffs Jose Mauricio Perez, Jamie Flemings, and Cody Taylor ("Plaintiffs") and defendants Island Hospitality Management LLC, Island Hospitality Management II LLC, Island Hospitality Management III LLC, and Island Hospitality Management IV LLC ("Island").  The proposed Settlement has been granted preliminary approval by the United States District Court for the Central District of California.

The proposed Settlement will resolve all claims against Island in the Action.  A final approval hearing addressing the fairness, adequacy, and reasonableness of the Settlement will be held on [date of Final Approval Hearing] to determine whether the Settlement should receive the Court's final approval. The final approval hearing will be held in Courtroom 8C of the above-entitled court, located at 350 West 1st Street, Los Angeles, California 90012.

As a Class Member, your legal rights are affected whether you act or do not act. This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to obtain them.  **Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will be paid your Individual Settlement Payment (set forth in Sections 6-8 of this Notice) **and** you will give up any rights to sue for the Released Claims (defined below). |
| **SUBMIT A WORKWEEK DISPUTE** | Dispute the number of workweeks listed in this Notice. Receive a share of the Settlement and give up any rights to sue for the Released Claims. |
| **EXCLUDE YOURSELF** | Give up the right to receive a monetary payment from the Settlement. Retain all rights you may have against Island, as explained below. |
| **OBJECT** | Write to the Court about why you do not agree with the Settlement. The Court may or may not agree with your objection. |

## 1. Why Did I Get This Notice?

**You are not being sued**. Plaintiffs filed a class and representative action against Island on behalf of similarly situated non-exempt employees, like you.  The Class includes all current and former non-exempt employees who worked for Island in California during the Class Period, which is the time period from March 15, 2014 to February 28, 2020 (the "Class Period").

You are receiving this Notice because you are a Class Member and are entitled to share in the proceeds from the proposed Settlement.  The purpose of this Notice is to: (a) provide a brief description of the Action; (b) inform

you of the proposed Settlement; and (c) discuss your rights and options with respect to the Action and the Settlement.

## 2. What Is This Action About?

Plaintiffs were employed in California by Island as non-exempt employees during the Class Period. The Court has approved Plaintiffs' request to represent the Class Members.  Plaintiffs allege that Island engaged in practices that violate California's labor and unfair competition laws by failing to pay all wages due (including minimum wage and overtime wages) for all hours worked, failing to timely pay wages, failing to provide meal and rest periods, failing to furnish accurate itemized wage statements, failing to reimburse necessary business expenses, and engaging in unfair business practices.

## 3. Do I Need to Hire an Attorney?

**You do not need to hire your own attorney**. You are already represented by Class Counsel (see Section 14 for contact information). However, you may hire your own attorney at your own expense if you choose to do so.

## 4. What Is Island's Position?

Island denies any liability or wrongdoing whatsoever and denies that wages, damages, or penalties are owed, or that it acted contrary to California law or federal law. However, it has concluded that any further defense of this litigation would be protracted and expensive for all Parties. Island has already spent substantial amounts of time, energy and resources defending this case and will have to continue to devote time, energy and resources to the defense of the claims asserted by the Class if it did not agree to settle these claims. Island has, therefore, agreed to settle in the manner and upon the terms set forth in the Settlement Agreement to put to rest the claims as set forth in the Action.

## 5. What Does the Settlement Provide?

Class Members who do not timely submit a signed and valid request for exclusion will receive payments from the Net Settlement Amount. The Net Settlement Amount is the portion of the Settlement remaining after deduction of the Court-approved Class Representative Enhancement Payments, Class Counsel's Attorneys' Fees and Costs, Settlement Administration Costs, and the State of California's portion of the PAGA Payment.

Deductions for Class Representative Enhancement Payments, Class Counsel's Attorneys' Fees and Costs, Settlement Administration Costs, and the PAGA Payment. Class Counsel will ask the Court to award attorneys' fees in an amount up to $366,666.67, which represents one-third (1/3) of the Gross Class Settlement Amount, and litigation costs not to exceed $35,000.00 from the Gross Class Settlement Amount. In addition, Class Counsel will ask the Court to authorize Class Representative Enhancement Payments from the Gross Class Settlement Amount in the amount of $5,000.00 each to Plaintiffs Jose Mauricio Perez, Jamie Flemings, and Cody Taylor to compensate them for the risks, time, and expense of their involvement in this Action. The Settlement Administrator will also be reimbursed for the expense of notifying the Class Members of the Settlement, processing requests for exclusions submitted by Class Members, and distributing Individual Settlement Payments. Settlement Administration Costs are estimated at $21,600.00. Finally, Class Counsel will ask the Court to approve a PAGA Payment in the amount of $100,000.00 for claims under the Private Attorneys' General Act of 2004, Labor Code §§2698, *et seq.*, of which $75,000 will be paid to the State of California, and $25,000 will be paid to Class Members as part of the Net Settlement Amount.

## 6. What Can I Get From the Settlement?

**Island's records indicate that you worked approximately ▢▢ workweeks for Island as a non-exempt employee in California between March 15, 2014 and February 28, 2020.  Based on these records, your estimated payment as a Class Member would be $XXXXX.**

Class Members who do not opt-out will be paid out of the Net Settlement Amount. One-third (1/3) of each Individual Settlement Payment will be designated for alleged unpaid wages, for which an IRS Form W-2 will be issued.  One-third (1/3) will be designated for interest and (1/3) for penalties, for which an IRS Form 1099 will be issued.

If you do not timely submit a valid request for exclusion by the Response Deadline, you will receive your share of the Net Settlement Amount after the Court approves the Settlement.  Settlement checks will be negotiable for 180 calendar days from the date of mailing.  After 180 days, the Settlement Administrator shall distribute the value of any uncashed checks to the State Controller's Office Unclaimed Property Fund in the name of the Class Member.  In such case, you will still be bound by the Settlement.

## 7. How Was My Share Calculated?

To determine the amount of the Net Settlement Amount to which each Class Member is entitled, the Settlement Administrator used the workweek information provided by Island to calculate the total number of weeks worked by the Class Member as a non-exempt Island employee ("Individual Workweeks") during the Class Period and the total number of weeks worked by all Class Members as non-exempt employees ("Class Workweeks") during the Class Period.  To determine each Class Member's Individual Settlement Payment, the Settlement Administrator used the following formula: Individual Settlement Payment = (Individual Workweeks ÷ Class Workweeks) × Net Settlement Amount.

Individual Settlement Payments will be net of the employee's share of state and federal taxes.

## 8.  How Can I Get Payment?

You do not need to take any action to receive an Individual Settlement Payment. However, if you dispute the number of workweeks stated in Section 6 above, you must mail or fax a letter to the Settlement Administrator with the details of your dispute and any documentary evidence you have, such as W-2s or paystubs,.  no later than <<Response Deadline>>.  If you do nothing, you will receive your Individual Settlement Payment and be bound by the terms of the Settlement (including the Released Claims described in Section 10 below).

California law protects Class Members from retaliation based on their decision to participate in a class action settlement.

## 9. When Would I Get My Payment?

The Court will hold the Final Approval Hearing on <<date>> in Courtroom 8C of the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, to decide whether to approve the Settlement.

If the Court approves the Settlement, your Individual Settlement Payment will be mailed to you within approximately 45 days from the date of final judgment, unless there are objections, appeals, or other challenges to the final judgment. It is always uncertain when these issues can be resolved and resolving them can take time.

## 10. What Rights Do I Give Up If I Participate or Do Nothing?

Unless you exclude yourself, you will remain a Class Member and you will be bound by the terms of the Settlement, including releasing the Released Claims described below. That means that you will be unable to sue, or to continue to sue, or be part of any other lawsuit or administrative claim asserting the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

**<u>Released Claims</u>**

As of the date of the Order Granting Final Approval, Class Members who do not opt out shall release Island Hospitality Management LLC., Island Hospitality Management Inc., Island Hospitality Management II LLC.,

Island Hospitality Management II Inc., Island Hospitality Management III LLC, Island Hospitality Management III Inc., Island Hospitality Management IV LLC, Island Hospitality Management IV Inc., Island Hospitality Management V LLC, Island Hospitality Management V Inc., Island Hospitality Florida Management LLC, Island Hospitality Joint Venture LLC, Island JV Member Inc., Platform Hospitality Investor T-II, LLC, Chatham Lodging Trust, Colony Capital, Inc., LVP CY Paso Robles Holding Corporation, and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys of any of these named businesses ("Released Parties"), from any and all claims, debts, liabilities, demands, obligations, penalties, premium pay, guarantees, costs, expenses, attorney's fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, under any legal theory under federal and state law for any alleged failure to pay all wages due (including minimum wage and overtime wages), failure to pay for all hours worked (including off-the clock work), failure to provide meal and rest periods, failure to failure to timely pay wages and final wages, failure to properly calculate the regular rate of pay, failure to reimburse business expenses, failure to furnish accurate wage statements including claims derivative and/or related to these claims, liquidated damages, conversion of wages, pre and post shift work and record-keeping violations, up to and including the date of final approval by the Court. This Release shall include, all claims arising  under the applicable regulations, Wage Orders and Labor Code, including sections 201, 202, 203, 204, 206, 210, 218, 218.5, 226, 226.3, 226.7, 227, 227.3, 510, 511, 512, 515, 517, 551, 552, , 558, 1174, 1175, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, as well as claims under Business and Professions Code section 17200 et seq., and/or Labor Code section 2698 *et seq.* based on alleged violations of any of the above Labor Code provisions, and any other benefit claimed on account of the allegations asserted in the Amended Complaint ("Released Claims").  This release shall apply to all claims arising at any point during the Class Period, but this release, shall not include unrelated claims like retaliation, discrimination, workers' compensation, or ERISA claims, or claims arising outside the Class Period.

The Parties acknowledge that the following three lawsuits exist and have claims that are asserted in and/or factually related to the Action:  *Cruz v. Island Hospitality Management III LLC* (Santa Clara County Superior Court Case No. 19CV353655; *Leon, et al. v. Island Hospitality Management III LLC* (Orange County Superior Court Case No. 30-2019-01050719-CU-OE-CXC; and *Vela v. Island Hospitality Management LLC et al.* (San Diego County Superior Court, Case No. 37-2019-0003525).  The Parties acknowledge that the courts will be the final arbiters of the impact, if any, of this Settlement on these lawsuits.

## 11. How Do I Exclude Myself from the Settlement?

If you do not wish to participate in the Settlement, you may exclude yourself (generally called "opting out") by submitting a written opt-out request to the Settlement Administrator.  In order to opt-out, you must (1) fax or mail a written signed statement that "I wish to opt out from the Perez v. Island Settlement."; (2) state your full name (and former names, if any); and (3) ensure that your signed statement is faxed or postmarked no later than << Response Deadline >> ("Response Deadline").

You must sign the request for exclusion personally and may not have someone sign for you, nor may you submit a request for exclusion on behalf of a group. Your request for exclusion must be signed and returned via fax or United States first class mail postmarked no later than << Response Deadline >> to:

**Simpluris, Inc.**
[ADDRESS]
[CONTACT INFORMATION]

If you submit a timely and valid request for exclusion, then upon its receipt you shall no longer be a member of the Class, you shall be barred from participating in any portion of the Settlement, meaning you may not object and you shall receive no benefits from the Settlement. If you wish, you may pursue, at your own expense, any

claims you may have against Island. If you do not submit a complete and timely written request for exclusion, you will be included in the Class, and be bound by the terms of the Settlement (including the Released Claims described in Section 10 herein).

Do not submit both an objection and request for exclusion. If you submit both, the request for exclusion will be valid, and you will be excluded from the Class.

## 12. When Is the Final Approval Hearing?

The Court will hold a Final Approval Hearing in Courtroom 8C of the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, on <<date and time>>, to determine whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also be asked to approve Plaintiffs' Class Representative Enhancement Payments, Class Counsel's request for Attorneys' Fees and Costs, the Settlement Administration Costs, and the PAGA Payment.

The hearing may be continued without further notice to Class Members. It is not necessary for you to appear at this hearing unless you have timely filed an objection or notice of intention to appear with the Court.

## 13. How Do I Object to the Settlement and Appear at the Final Approval Hearing?

You may object to the terms of the Settlement before the Final Approval Hearing. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement. To object, you must mail a written objection to the Settlement Administrator (at the address in Section 11 herein). Any written objection must contain a statement of your objection to this settlement and the grounds for your objection. Your objection must also contain your full name, address, telephone number, and signature. To be valid and effective, any objections to approval of the Settlement must be faxed or postmarked no later than << Response Deadline >>.

Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

You do not have to attend the hearing, but you may do so at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**If the Court approves the Settlement despite any objections, you will receive your Individual Settlement Payment and will be bound by the terms of the Settlement (including the Released Claims described in section 10 herein).**

## 14. How Do I Get Additional Information?

You may call the Settlement Administrator at [PHONE NUMBER], or you can contact Class Counsel below.

| CLASS COUNSEL | ISLAND'S COUNSEL |
|---|---|
| MATERN LAW GROUP, PC<br>Matthew J. Matern (SBN 159798)<br>Launa Adolph (SBN 227743)<br>Deanna S. Leifer (SBN 265840)<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>Tel: (310) 531-1900<br>Facsimile: (310) 531-1901<br>info@maternlawgroup.com | SEYFARTH SHAW LLP<br>Brian T. Ashe (SBN 139999)<br>Kerry Friedrichs (SBN 198143)<br>Parnian Vafaeenia (SBN 316736)<br>560 Mission Street, 31st Floor<br>San Francisco, California 94105 |

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT.**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**