1
2
3
4
5
6

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
DEANNA S. LEIFER (SBN 265840)
dleifer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

7

Attorneys for Plaintiffs

8

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

12
13

JOSE MAURICIO PEREZ,
individually and on behalf of all others
similarly situated,

14

        Plaintiff,

15

    vs.

16
17
18
19
20

ISLAND HOSPITALITY
MANAGEMENT III, LLC, a Delaware
limited liability company; ISLAND
HOSPITALITY MANAGEMENT,
LLC, a Delaware limited liability
company; and DOES 1 through 10,
inclusive,

        Defendants.

Case No.  2:18-cv-04903-DMG (JPRx)

**PLAINTIFFS' NOTICE OF
MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

[Filed concurrently with Declarations
of Launa Adolph and Parnian
Vafaeenia; [Proposed] Order Granting
Final Approval of Class Action
Settlement; and [Proposed] Judgment]

Date:        August 21, 2020
Time:        10:00 a.m.
Courtroom: 8C

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 21, 2020, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 8C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA, 90012, plaintiffs Jose Mauricio Perez, Jamie Flemings, and Cody Taylor (collectively, "Plaintiffs") will and hereby do move the Court for an order granting final approval of class action settlement.

Pursuant to Federal Rules of Civil Procedure, Rule 23, Plaintiffs respectfully move for entry of an order providing for the following:

1.    Granting final approval of the terms of the proposed class action settlement described in the Stipulation and Settlement of Class and Representative Action ("Stipulation") as fair, reasonable, and adequate to all Class Members;

2.    Finding that the Notice of Class Action Settlement distributed to the Class Members pursuant to the Court's order granting preliminary approval constituted the best notice practicable under the circumstances;

3.    Finally certifying the class for settlement purposes only;

4.    Directing that compensation to all Class Members be affected pursuant to the terms of the Stipulation;

5.    Approving the payment to the California Labor Workforce Development Agency in the amount of Seventy-Five Thousand Dollars ($75,000.00);

6.    Approving the Settlement Administrator's costs in the amount of Twenty Two Thousand One Hundred Fifty Dollars ($22,150.00); and

7.    Entering final judgment in the action.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declarations of Launa Adolph and Parnian Vafaeenia, and all exhibits thereto, including the Stipulation, all documents and records on file in this

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

1    matter, and such additional arguments, authorities, evidence, and other matters as

2    may be presented by the Parties hereafter.

3         This motion is made following the conference of counsel pursuant to Local

4    Rule 7-3, which took place on June 25, 2020.   Defendants do not oppose this

5    motion.

6

7    Dated:  June 30, 2020                      **MATERN LAW GROUP, PC**

8

9                                         By:   */s/ Launa Adolph*

10                                               MATTHEW J. MATERN
                                                 LAUNA ADOLPH
                                                 DEANNA LEIFER
11                                               Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

1

## **TABLE OF CONTENTS**

2

**Page(s)**

3    I.    INTRODUCTION ......................................................................................... 1

4    II.    THE SETTLEMENT .................................................................................... 2

5        A.  Class Definition .................................................................................. 2

6        B.  Settlement Terms ................................................................................ 2

7        C.  The Release ......................................................................................... 4

8    III.    CLASS NOTICE HAS BEEN EFFECTUATED AND COMPORTS WITH
        RULE 23 AND THE REQUIREMENTS OF DUE PROCESS ...................... 5

9

10    IV.    THE PROPOSED SETTLEMENT MERITS FINAL APPROVAL .............. 7

        A. The Proposed Settlement Is Presumed to Be Fair ................................. 8

11        B. Relevant Criteria Support Final Approval of the Settlement ................ 9

12            1. Plaintiffs and Class Counsel Have Adequately Represented the
13            Class ................................................................................................ 10

14            2. The Settlement Was Negotiated at Arms-Length ......................... 11

15            3. The Relief Provided to the Class Is Adequate ............................. 12

16            4. The Settlement Does Not Provide Preferential Treatment to
            Plaintiffs or Any Segment of the Class ....................................... 16

17            5. Class Members' Reaction to the Proposed Settlement ................ 16

18    V.    THE COURT SHOULD FINALLY CERTIFY THE CLASS FOR
19        SETTLEMENT PURPOSES ONLY ........................................................... 17

20            1. The Proposed Class Is Sufficiently Numerous ............................ 18

21            2. Common Questions of Law and Fact Predominate ..................... 18

22            3. Plaintiffs' Claims Are Typical of Those of the Class ................. 19

23            4. Plaintiffs and Their Counsel Will Adequately Represent the
            Settlement Class Members ........................................................... 20

24            5. A Class Action Is a Superior Method of Adjudication ............... 21

25    VI.    CONCLUSION ......................................................................................... 21

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

i

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

1

2                                                                                              **Page(s)**

3      **Cases**

4

5      *Amchem Prods.,*
          521 U.S. 591 (1997)..........................................................................................19

6

7      *Arrendondo v. Delano Farms Co.*, No. CV F 09–1247 LJO DLB,
          2011 WL 1486612 (E.D. Cal. Apr. 19, 2011) ......................................................18

8

9      *Burns v. Elrod*,
          757 F.2d 151 (7th Cir. 1985) ........................................................................5, 6, 7

10

11     *Ellis v. Costco Wholesale Corp.,*
          657 F.3d 970 (9th Cir. 2011) ..............................................................................20

12

13     *Hanlon v. Chrysler Corp.,*
          150 F.3d 1011 (9th Cir. 1998) .................................................................8, 14, 19

14

15     *Hanon v. Dataprods. Corp.*,
          976 F.2d 497 (9th Cir. 1992) .................................................................19, 20, 21

16

17     *Harris v. Vector Mktg. Corp.*,
          No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ...................8

18

19     *Hendricks v. StarKist Co.,*
          Case No. 13–cv–00729–HSG, 2015 WL 4498083 (N.D. Cal. July 23, 2015) ....16

20

21     *Hopson v. Hanesbrands Inc.,*
          2009 WL 928133 (N.D. Cal. Apr. 3, 2009)..........................................................13

22

23     *In re Badger Mountain Irr. Dist. Sec. Litig.,*
          143 F.R.D. 693 (W.D. Wash. 1992)....................................................................18

24

25     *In re Hyundai & Kia Fuel Econ. Litig.*,
          926 F.3d 539 (9th Cir. 2019) ........................................................................19, 21

26

27     *In re Portal Software Secs. Litig.*,
          No. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ...............14

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

ii                    PLAINTIFFS' MOTION FOR FINAL APPROVAL
                      OF CLASS ACTION SETTLEMENT

*In re Synocor ERISA Litigation*,
  516 F.3d 1095 (9th Cir. 2008) ................................................................... 8

*In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
  295 F.R.D. 438 (C.D. Cal. 2014) ............................................................ 13

*In re Wireless Facilities, Inc. Sec. Litig. II*,
  253 F.R.D. 607 (S.D. Cal. 2008) .............................................................. 8

*Levya v. Medline Indus, Inc.*,
  716 F.3d 510 (9th Cir. 2013) ................................................................... 17

*Molski v. Gleich*,
  318 F.3d 937 (9th Cir. 2003) ................................................................... 16

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.*,
  Nos. CV 99–5666 LGB(CWX), CV 00–2117 LGB(CWX), 221 F.R.D. 523
  (C.D. Cal. January 5, 2004) ............................................................. 10, 17

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ................................................................ 8, 13

*Pacific Enters. Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) ........................................................... 8, 9, 11

*Rannis v. Recchia*,
  380 F. App'x 646 (9th Cir. 2010) ............................................................ 18

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ........................................................... passim

*Smith v. Cardinal Logistics Mgmt. Corp.*,
  No. 07-2104 SC, 2008 WL 4156364 (N.D. Cal. Sept. 5, 2008) .............. 18

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ........................................................... 7, 9, 16

*Valentino v. Carter-Wallace, Inc.*,
  97 F.3d 1227 (9th Cir. 1996) ................................................................... 21

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

iii

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

*Vasquez v. Coast Valley Roofing, Inc.*,
   266 F.R.D. 482 (C.D. Cal. 2010)..........................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011).......................................................................14, 17, 18

*Young v. Polo Retail*, *LLC*,
   No. C-02-4546 VRW, 2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ......10, 11, 13

*Zamora Jordan v. Nationstar Mortg., LLC*,
   No. 2:14-CV-0175-TOR, 2019 WL 1966112 (E.D. Wash. May 2, 2019)...........15

**Statutes**

28 U.S.C. § 1715...........................................................................................................5

**Rules**

Federal Rules of Civil Procedure, Rule 23 ........................................................passim

Federal Rules of Civil Procedure, Rule 23(a)(1).....................................................18

Federal Rules of Civil Procedure, Rule 23(a)(2).....................................................18

Federal Rules of Civil Procedure, Rule 23(a)(3).....................................................19

Federal Rules of Civil Procedure, Rule 23(a)(4).....................................................20

Federal Rules of Civil Procedure, Rule 23(b) ........................................................17

Federal Rules of Civil Procedure, Rule 23(b)(3)........................................17, 18, 21

Federal Rules of Civil Procedure, Rule 23(c)(2)(B) ................................................5

Federal Rules of Civil Procedure, Rule 23(e) ..........................................................7

Federal Rules of Civil Procedure, Rule 23(e)(1)......................................................5

Federal Rules of Civil Procedure, Rule 23(e)(l)(c) ..................................................7

Federal Rules of Civil Procedure, Rule 23(e)(2)......................................................9

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

iv

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

1

2

Federal Rules of Civil Procedure, Rule 23(e)(3)......................................................12

Federal Rules of Civil Procedure, Rule 23(e)(2)(C) ...............................................12

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

v

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On April 28, 2020, this Court granted preliminary approval of the proposed class action settlement between plaintiffs Jose Mauricio Perez ("Perez"), Jamie Flemings, and Cody Taylor (collectively, "Plaintiffs") and defendants Island Hospitality Management LLC, Island Hospitality Management II LLC, Island Hospitality Management III LLC, and Island Hospitality Management IV LLC (collectively, "Island" or "Defendants") (Plaintiffs and Defendants will be referred to as "the Parties").  Plaintiffs now seek an order granting final approval of the Stipulation and Settlement of Class and Representative Action ("Stipulation").

If finally approved, the Settlement will create an all-inclusive, non-reversionary settlement fund in the amount of $1,100,000.00.  The proposed Settlement will dispose of this Action in its entirety as to the following class:

> All current or former non-exempt employees who worked for Island Hospitality Management LLC, Island Hospitality Management II LLC, Island Hospitality Management III LLC, or Island Hospitality Management IV LLC in California during the time period from March 15, 2014 to February 28, 2020.

The proposed Settlement is fair, adequate, and reasonable. The Settlement provides substantial benefits to the Class Members when balanced with the strength of Plaintiffs' case and the risks and expense of further litigation.  In addition, the reaction of the Class Members to the Settlement has been overwhelmingly positive, as, to date, there are no objections and no requests for exclusion.  Additionally, the Settlement was reached through mediated arms-length negotiations and sufficient investigation and discovery allowed Class Counsel to act intelligently, and Class Counsel supports the Settlement as being in the best interests of the Class Members. Accordingly, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Final Approval of Class Action Settlement.[1]

---

[1] Plaintiffs incorporate by reference the Factual and Procedural Background set forth in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. (Dkt. 45, pp. 2-5.)

## II.    THE SETTLEMENT

### A.    Class Definition

The class consists of all current and former non-exempt employees who worked for Defendants in California at any time from March 15, 2014 through February 28, 2020 (the "Class Period").    Stipulation ¶¶ I.F-I.G. There are approximately 3,433 Class Members.  Declaration of Cassandra Cita ("Cita Decl.") ¶¶ 5, 12.

### B.    Settlement Terms

Under the proposed Settlement, the claims of all Class Members shall be settled for the Gross Class Settlement Amount of One Million One Hundred Thousand Dollars ($1,100,000.00) which shall be inclusive of all Individual Settlement Payments to Class Members, the Class Representative Enhancement Payments, Attorneys' Fees and Costs, Settlement Administration Costs, and the PAGA payment to the LWDA.  Stipulation ¶ I.I.  The Employer's Share of Payroll Taxes shall be paid by Defendants in addition to the Gross Class Settlement Amount.  *Id.*  No portion of the Gross Class Settlement Amount shall revert to Defendants or result in an unpaid residue.  *Id.*

The Gross Class Settlement Amount shall be allocated as follows:

1.    Individual Settlement Payments.  All Class Members shall be eligible to receive a share of the Net Settlement Amount, which equals the Gross Class Settlement Amount, less the Class Representative Enhancement Payments, Attorneys' Fees and Costs, Settlement Administration Costs, and the LWDA Payment. Stipulation ¶ I.O.  The Net Settlement Amount shall be distributed to the Settlement Class Members on a pro rata basis according to the number of workweeks that a Settlement Class Member worked for Defendants as a non-

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

exempt employee in California during the Class Period.  Stipulation ¶ IV.[2]

2.    <u>Class Representative Enhancement Payments</u>.    Subject to Court approval, Plaintiffs shall each be paid a Class Representative Enhancement Payment not to exceed Five Thousand Dollars ($5,000.00) for their time and effort in bringing and presenting the Action and for releasing their Released Claims. Stipulation ¶ I.H.

3.    <u>Attorneys' Fees and Costs</u>.  Subject to Court approval, Class Counsel shall receive an award of attorneys' fees in an amount not to exceed Three Hundred Sixty Six Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($366,666.67), which equals one-third (1/3) of the Gross Class Settlement Amount, and reimbursement of litigation costs and expenses in an amount not to exceed Thirty Five Thousand Dollars ($35,000.00).  Stipulation ¶ I.C.

4.    <u>LWDA Payment</u>.  Subject to Court approval, One Hundred Thousand Dollars ($100,000.00) from the Gross Class Settlement Amount will be allocated as penalties under PAGA, of which seventy five percent (75%), or Seventy Five Thousand Dollars ($75,000.00), will be paid to the LWDA.  Stipulation ¶ I.N.  The remaining twenty five percent (25%) of the amount allocated toward PAGA penalties, or Twenty Five Thousand Dollars ($25,000.00), will be part of the Net Settlement Amount and will be distributed to Settlement Class Members as part of their Individual Settlement Payments.  *Id*.

5.    <u>Settlement Administration Costs</u>.    Subject to Court approval, the Settlement Administration Costs, which are estimated not to exceed Twenty One Thousand Six Hundred Dollars ($21,600.00), shall be paid from the Gross Class

---

[2] Individual Settlement Payment checks will remain negotiable for 180 days from the date of mailing.  Stipulation ¶ VII.2.  If an Individual Settlement Payment check remains uncashed after 180 days from issuance, the Settlement Administrator shall pay over the amount represented by the check to the State Controller's Office Unclaimed Property Fund, with the identity of the Settlement Class Member to whom the funds belong.  *Id*.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

Settlement Amount.   Stipulation ¶ I.BB.   To the extent actual Settlement Administration Costs are greater than $21,600.00, such excess amount will be deducted from the Gross Class Settlement Amount, subject to Court approval.  *Id.*

### C.   The Release

Upon the Effective Date, Plaintiffs and all other Settlement Class Members shall be deemed to have released the Released Parties from any and all claims, debts, liabilities, demands, obligations, penalties, premium pay, guarantees, costs, expenses, attorney's fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, under any legal theory under federal and state law for any alleged failure to pay all wages due (including minimum wage and overtime wages), failure to pay for all hours worked (including off-the clock work), failure to provide meal and rest periods, failure to timely pay wages and final wages, failure to properly calculate the regular rate of pay, failure to reimburse business expenses, failure to furnish accurate wage statements including claims derivative and/or related to these claims, liquidated damages, conversion of wages, pre and post shift work and record-keeping violations, up to and including the date of final approval by the Court.  This Release shall include, all claims arising under the applicable regulations, Wage Orders and Labor Code, including sections 201, 202, 203, 204, 206, 210, 218, 218.5, 226, 226.3, 226.7, 227, 227.3, 510, 511, 512, 515, 517, 551, 552, 558, 1174, 1175, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, as well as claims under Business and Professions Code section 17200 et seq., and/or Labor Code section 2698 *et seq.* based on alleged violations of any of the above Labor Code provisions, and any other benefit claimed on account of the allegations asserted in the FAC.  Stipulation ¶ I.W.

In addition, Plaintiffs will each execute a general release of all claims, whether known or unknown, against the Released Parties.

"Released Parties" means Island Hospitality Management LLC, Island Hospitality Management Inc., Island Hospitality Management II LLC, Island

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

Hospitality Management II Inc., Island Hospitality Management III LLC, Island
Hospitality Management III Inc., Island Hospitality Management IV LLC, Island
Hospitality Management IV Inc., Island Hospitality Management V LLC, Island
Hospitality Management V Inc., Island Hospitality Florida Management LLC,
Island Hospitality Joint Venture LLC, Island JV Member Inc., Platform Hospitality
Investor T-II, LLC, Chatham Lodging Trust, Colony Capital, Inc., LVP CY Paso
Robles Holding Corporation, and any parent, subsidiary, affiliate, predecessor or
successor, and all agents, employees, officers, directors and attorneys of any of
these named businesses.  Stipulation ¶ I.X.

## III.    CLASS NOTICE HAS BEEN EFFECTUATED AND COMPORTS WITH RULE 23 AND THE REQUIREMENTS OF DUE PROCESS

Before a court may grant final approval of a proposed class action settlement,
adequate notice of the settlement must be provided to the class members.  Fed. R.
Civ. P. 23(e)(1).  Class members should be given "the best notice practicable under
the circumstances, including individual notice to all members who can be identified
through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  The notice may be by
United States mail or other appropriate means.  *Id.*  The "best notice practicable"
does not require receipt of actual notice by all class members in order to comport
with both Rule 23 and the requirements of due process, but it often includes (as in
this case) direct notice to class members who can be identified by regular mail.
*See, e.g.*, *Burns v. Elrod*, 757 F.2d 151, 154 (7th Cir. 1985).

The notice plan, as approved by the Court, has been implemented by the
Settlement Administrator.[3]   On May 13, 2020, the Settlement Administrator
received from Defendants a list containing the Class Members' full name, most
recent mailing address, telephone number, Social Security number, dates of
employment, approximate number of workweeks that a Class Member worked, and

---

[3] Additionally, notice has been given to the appropriate state and federal officials in
accordance with 28 U.S.C. § 1715.  Declaration of Parnian Vafaeenia ¶ 2.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

5

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

any other relevant information needed to calculate settlement payments (the "Class List"). Cita Decl. ¶ 4. The Class List contained information for 3,326 Class Members. *Id.* The Settlement Administrator updated the Class List using the National Change of Address search. *Id.* at ¶ 5. On June 1, 2020, the Notice Packets were mailed to the Class Members via U.S. First Class Mail. *Id.* at ¶ 6. On June 22, 2020, Defendants provided the Settlement Administrator with the Class Information for an additional 106 Class Members who were inadvertently excluded from the Class List. *Id.* at ¶ 12. Notice Packets were mailed to the 106 Class Members on June 30, 2020. *Id.*

Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto. Stipulation ¶ V.4. If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved, and will then perform a single re-mailing. *Id.*

Class Members will have an opportunity to dispute the information provided in their Notice Packets. Stipulation ¶ V.6. To the extent Class Members dispute the number of workweeks which have been credited to them or the amount of their Individual Settlement Payment, Class Members may produce evidence to the Settlement Administrator substantiating the dispute. *Id.*

Class Members who wish to exclude themselves from the Settlement must submit a Request for Exclusion to the Settlement Administrator within forty-five (45) calendar days after the Settlement Administrator mails the Notice Packets to Class Members ("Response Deadline"). Stipulation ¶ I.Z. To be valid, the Request for Exclusion must include the Class Member's full name and a written statement requesting to be excluded from this Settlement. Stipulation ¶ I.Y. The Request for Exclusion must be returned by mail or fax to the Settlement Administrator at the

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

specified address or facsimile number and postmarked or faxed on or before the Response Deadline. *Id.*

Class Members who wish to object to the Settlement must submit to the Settlement Administrator a Notice of Objection by the Response Deadline. Stipulation ¶ I.Q.  To be valid, the Notice of Objection must include the Class Member's full name, signature, address, telephone number, and a written statement of all grounds for the objection. *Id.*  The Notice of Objection must be returned by mail or fax to the Settlement Administrator at the specified address or facsimile number and postmarked or faxed on or before the Response Deadline. *Id.*

To date, there are no requests for exclusion and no objections to the Settlement.  Cita Decl. at ¶¶ 9, 10.[4]

In sum, the notice procedures undertaken by the Settlement Administrator constitute the best notice practicable under the circumstances, and fully comply with Rule 23 and the requirements of due process.

## IV.   THE PROPOSED SETTLEMENT MERITS FINAL APPROVAL

Pursuant to Federal Rules of Civil Procedure, Rule 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Proc. 23(e).  In order to approve a final settlement in a class action, the district court must find that the proposed settlement is fundamentally fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e)(l)(c); *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  Although the court possesses "broad discretion" in issuing a final determination that a proposed class action settlement is fair, "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that

---

[4] Plaintiffs will file a supplemental declaration prior to the Final Approval Hearing providing the Court with an update regarding the class notice process and any responses received from Class Members.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Courts in the Ninth Circuit have "long deferred to the private consensual decision of the parties." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)).  In the end, "[s]ettlement is the offspring of compromise; the question [the court] addresses is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.  In considering whether to grant final approval of a class action settlement, the Ninth Circuit has noted that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Synocor ERISA Litigation*, 516 F.3d 1095, 1011 (9th Cir. 2008).

## A.   The Proposed Settlement Is Presumed to Be Fair

The Court should begin its analysis with a presumption that the proposed Settlement is fair and should be approved.  "Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair." *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) (citations omitted); *see Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, *8 (N.D. Cal. Apr. 29, 2011) ("An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining.").  Courts find that "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *Pacific Enters. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995).

Here, the Parties participated in a full-day mediation on October 30, 2019 with Lou Marlin, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters.  Declaration of Launa Adolph ("Adolph Decl.") ¶ 13.  At

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

the end of the mediation, the Parties reached agreement regarding the material terms of a proposed class action settlement. *Id*. at ¶ 13. Although the settlement negotiations were conducted professionally, they were indeed adversarial, signaling the antithesis of collusion and evidencing arm's length negotiations. *Id*. at ¶ 15.

Significant factual investigation and discovery allowed Class Counsel – who has significant experience in wage and hour class action litigation – to assess the strengths and weaknesses of the claims against Defendants and the benefits of the proposed Settlement. *Id*. at ¶ 8. Class Counsel conducted extensive discovery, including but not limited to reviewing hundreds of pages of documents produced by Defendants, including relevant wage and hour policy documents, obtaining a sampling of timekeeping and payroll records, and retaining an expert to conduct a statistical analysis of the sampling of timekeeping and payroll records. *Id*. at ¶ 11.

Plaintiffs and Class Counsel therefore had adequate information to gauge the value of the Class Members' claims and assess whether the proposed Settlement amount is fair, adequate, and reasonable. As further set forth below, Class Counsel supports the Settlement because it achieves a significant result for the Class Members, particularly in light of the risks of continued litigation.

Accordingly, the proposed Settlement is entitled to a presumption of fairness.

**B.     Relevant Criteria Support Final Approval of the Settlement**

In deciding whether to grant final approval of a class action settlement, courts must determine whether it is "fair, reasonable, and adequate" after considering whether "(a) the class representatives and class counsel have adequately represented the class, (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate; and (d) the proposal treats class members equitably relative to each other." Fed. R. Civ. Proc. 23(e)(2). The list of factors is not exhaustive and should be tailored to each case. *Staton*, 327 F.3d at 959; *see* 2018 Comm. Note to Revisions of Fed. R. Civ. Proc. 23(e)(2) (stating that "[t]he goal of this amendment is not to displace any factor, but rather to focus the

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

9

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal."). Applied to this case, the relevant criteria support final approval of the proposed Settlement.

### 1.   Plaintiffs and Class Counsel Have Adequately Represented the Class

Final approval is favored because Plaintiffs and Class Counsel conducted an adequate investigation and discovery prior to reaching a settlement. "A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case.'" *National Rural Telecommunications Cooperative v. DIRECTV, Inc.,* Nos. CV 99–5666 LGB(CWX), CV 00–2117 LGB(CWX), 221 F.R.D. 523, 527 (C.D. Cal. January 5, 2004). The greater the amount of discovery that has been completed, the more the parties have "a clear view of the strengths and weaknesses of their cases.'" *Young v. Polo Retail*, *LLC*, No. C-02-4546 VRW, 2007 WL 951821, *4 (N.D. Cal. Mar. 28, 2007).

Plaintiffs conducted extensive investigation and discovery prior to mediation. Before filing the Complaint, Class Counsel conducted an in-depth investigation including interviewing Perez, reviewing documents provided by Perez and other publicly-available documents, and conducting research regarding applicable California Labor Code Sections and Industrial Welfare Commission Wage Orders. Adolph Decl. ¶ 7. After the Complaint was filed, the Parties propounded and responded to written discovery, including interrogatories, requests for admission, and requests for production of documents. *Id*. at ¶ 8. Prior to mediation, Defendants produced, among other documents, all relevant wage and hour policy documents and a sampling of the timekeeping and payroll records of the Class Members. *Id*. at ¶ 11. Plaintiffs retained a statistical analyst to analyze the sampling of timekeeping and payroll records, which assisted Class Counsel in

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

10

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

preparing a damages model prior to mediation. *Id.* at ¶ 11. Based on the information and record developed through extensive investigation and discovery, Class Counsel was able to act intelligently and effectively in negotiating the proposed Settlement. *Id.* at 12.

In addition, Class Counsel was able to adequately represent the class in negotiating the proposed Settlement as a result of Class Counsel's experience in handling similar class actions. Reliance on such recommendations is premised on the fact that "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

Class Counsel is qualified and experienced in handling complex wage and hour class actions and has litigated scores of class action lawsuits involving wage and hour issues in both state and federal courts. Adolph Decl. ¶ 31. Through its investigation, review of discovery materials, litigation, and the mediation, Class Counsel had an intimate understanding of the instant litigation and believes the Settlement is fair, adequate, and reasonable. *Id.* at ¶ 22.

Plaintiffs also understood their responsibilities as a class representatives and adequately represented the class by assisting Class Counsel in prosecuting the action and being actively involved in the litigation. *Id.* at ¶ 37.

As such, this factor favors final approval of the Settlement.

## 2. The Settlement Was Negotiated at Arms-Length

Evidence that a settlement agreement is the result of genuine arm's length bargaining with a private mediator after factual discovery also supports a conclusion that the settlement is fair. *Rodriguez*, 563 F.3d at 965 ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). Here, the Settlement was reached after extensive, arm's length settlement negotiations, with the assistance of an experienced mediator.

The Parties participated in a mediation with experienced mediator Lou

1  Marlin, Esq., on October 30, 2019.    Adolph Decl. ¶ 13.    As a result of the

2  mediation, the Parties were able to reach a proposed class action settlement that

3  would fully resolve the Action, which they memorialized in a signed Memorandum

4  of Understanding, subject to the Parties entering into a more comprehensive written

5  settlement agreement.  *Id*. at ¶ 13.  The Stipulation was fully executed on February

6  10, 2020.  *Id*. at ¶ 14.

7      These circumstances are the antithesis of collusion and show that the

8  settlement negotiations were at arm's length and, although conducted in a

9  professional manner, were adversarial.  *Id*. at ¶ 15.  The Parties went into the

10  mediation session willing to explore the potential for a settlement of the dispute, but

11  were prepared to litigate their positions through trial and appeal if a settlement had

12  not been reached.  *Id*. at ¶ 16.

13      Accordingly, this factor also supports a finding that the Settlement is fair,

14  adequate, and reasonable.

15           **3.      The Relief Provided to the Class Is Adequate**

16      To determine whether the relief provided for the class is adequate, the Court

17  should take into account "(i) the costs, risks, and delay of trial and appeal; (ii) the

18  effectiveness of any proposed method of distributing relief to the class, including

19  the method of processing class-member claims; (iii) the terms of any proposed

20  award of attorney's fees, including timing of payment; and (iv) any agreement

21  required to be identified under Rule 23(e)(3)."  Fed. R. Civ. P. 23(e)(2)(C).[5]

22      "An important consideration in judging the reasonableness of a settlement is

23  the strength of the plaintiffs' case on the merits balanced against the amount offered

24  in the settlement."  *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488

25  (C.D. Cal. 2010) (internal quotation mark omitted).  The proposed Settlement in the

26  amount of $1,100,000.00 is reasonable when balanced against the strengths and

27

28  [5] There are no separate agreements that the Court needs to consider to approve the
proposed Settlement.  Stipulation ¶ XV.2.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

12

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

weaknesses of Plaintiffs' claims.

According to Plaintiffs' calculations, the Gross Class Settlement Amount reflects approximately 15.6% of the *maximum* potential damages, exclusive of penalties and interest, allegedly owed to Class Members. Adolph Decl. ¶ 17. This is a substantial recovery for the Class Members, which takes into consideration the significant risks of proceeding with the litigation.[6]

Considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief to the class, and the terms of the proposed award of attorneys' fees, the relief provided to the class is adequate.

### a.    The Costs, Risks, and Delay of Trial and Appeal

A factor in assessing the adequacy of a settlement is the complexity, expense, and likely duration of the lawsuit had settlement not been achieved. *Officers for Justice*, 688 F.2d at 625. Where, as here, the parties reach a settlement before trial preparation, this factor generally favors settlement. *See Young*, 2007 WL 951821 at *3.

Class Counsel has extensive experience in wage and hour class action litigation and knows from experience that any case involving wage and hour claims against major corporate employers can, and often does, lead to costly litigation that goes on for years. Adolph Decl. ¶¶ 23-32. Absent settlement, the next steps in the case would include a motion for class certification which would be opposed, a defense motion for summary judgment and possibly a motion for decertification, expert discovery, trial preparation, and trial. *Id*. at ¶ 20.

---

[6] Other courts have approved settlements with far lower percentages of the total possible recovery. *See, e.g., Hopson v. Hanesbrands Inc.*, 2009 WL 928133, *8 (N.D. Cal. Apr. 3, 2009) ("The settlement … represents less than two percent of that amount," but "may be justifiable … given … significant defenses that increase the risks of litigation."); *In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 453–54 (C.D. Cal. 2014) (granting final approval of a settlement providing for payment reflecting 3% of possible recovery).

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

13

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

Even if Plaintiffs certified a class and prevailed through summary judgment and trial, Defendants would almost certainly appeal, threatening a reversal of any favorable outcome and causing significant delays in obtaining any relief for Class Members. *See In re Portal Software Secs. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, *3 (N.D. Cal. Nov. 26, 2007) ("Additional consideration of increased expenses of fact and expert discovery and the inherent risks of proceeding to summary judgment, trial and appeal also support the settlement.").

The Settlement prevents the significant risk that this Court may deny certification of all or some of Plaintiffs' claims, particularly in light of certification standards under Federal Rule of Civil Procedure, Rule 23, as articulated by the United States Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). Considerably more risk, effort, and expense would be entailed in taking these steps.

While Plaintiffs are confident in the merits of their claims, a legitimate controversy exists as to each cause of action. Adolph Decl. ¶ 21. Plaintiffs also recognize that proving the amount of wages due to each Class Member would be an expensive, time-consuming, and uncertain proposition. *Id*. at ¶ 21. In contrast, because of the proposed Settlement, Class Members will receive timely relief and avoid the risk of an unfavorable judgment. *Id*. at ¶ 21. Based on an estimated Net Settlement Amount of $586,183.33, it is estimated that each Class Member, on average, will receive $176.19 as a result of the Settlement. Cita Decl. ¶¶ 13, 14.

The fact that the Settlement will eliminate delay and further expenses weighs strongly in favor of approval. *See Rodriguez*, 563 F.3d at 966. Furthermore, where, as here, the parties face significant uncertainty, the attendant risks favor settlement. *Hanlon*, 150 F.3d at 1026.

Accordingly, this factor supports final approval of the Settlement.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

14

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

**b.** **The Effectiveness of the Proposed Method of Distributing Relief to the Class**

Pursuant to the Court's order granting preliminary approval, Class Notice was sent to the last-known address of all Class Members. Class Members are not required to submit a claim in order to receive a share of the Settlement; rather, all Settlement Class Members who do not opt out will automatically receive a settlement payment. Stipulation ¶¶ I.Y, IV, V. Settlement checks will be negotiable for 180 calendar days from the date of mailing. Stipulation ¶ VII.2. After 180 days, the Settlement Administrator will distribute the value of any uncashed checks to the State Controller's Office Unclaimed Property Fund in the name of the Settlement Class Member. *Id.* This will allow Settlement Class Members who did not cash their checks within 180 days to collect their respective Individual Settlement Payment at any time in the future. *Id.* Thus, the proposed method of distribution "equitably and effectively distribute[s] relief to the Class." *See Zamora Jordan v. Nationstar Mortg., LLC*, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *4 (E.D. Wash. May 2, 2019).

**c.** **The Terms of the Attorneys' Fees Award**

Class Counsel have petitioned the Court for attorneys' fees in the amount of one-third (1/3) of the Gross Class Settlement Amount (i.e., not more than $366,666.67 in attorneys' fees) and reimbursement of litigation costs incurred not to exceed $35,000.00. Stipulation ¶ II.C. As detailed in Plaintiffs' previously-filed Motion for Attorneys' Fees and Costs (Dkt. 50), Plaintiffs are entitled to reasonable attorneys' fees under Labor Code §1194 and Code of Civil Procedure § 1021.5. Class Counsel's requested fees are reasonable as a percentage of the common fund, as they represent thirty-three (33%) percent of the non-reversionary settlement fund. Class Counsel's requested fees are also reasonable based on Class Counsel's lodestar with the application of an appropriate multiplier based on the contingent

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

15

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

1   nature of the fee agreement.  Pursuant to the Stipulation, attorneys' fees will be

2   distributed at the same time as payments to Class Members.  Stipulation ¶ II.

3        Therefore, this factor also supports final approval of the Settlement.

4        **4.    The Settlement Does Not Provide Preferential Treatment to**

5              **Plaintiffs or Any Segment of the Class**

6        Under the fourth factor, the Court examines whether the proposed settlement

7   provides preferential treatment to any class member.  "[T]o the extent feasible, the

8   plan should provide class members who suffered greater harm and who have

9   stronger claims a larger share of the distributable settlement amount."  *Hendricks v.*

10  *StarKist Co.,* Case No. 13–cv–00729–HSG, 2015 WL 4498083, *7 (N.D. Cal. July

11  23, 2015).  Here, the proposed Settlement poses no risk of unequal treatment of any

12  Class Member, as each Settlement Class Member's Individual Settlement Payment

13  will be calculated on a pro rata basis, based upon his or her workweeks.  Stipulation

14  ¶ IV.

15       The Settlement also provides for a Class Representative Enhancement

16  Payment to each Plaintiff in an amount not to exceed $5,000.00, subject to Court

17  approval.  Stipulation ¶ I.H.  As set forth in Plaintiff's Motion for Attorneys' Fees

18  and Costs, this modest payment is appropriate based on the substantial risk assumed

19  by and the services undertaken by Plaintiffs on behalf of the Class Members.

20  Furthermore, the Ninth Circuit has recognized that incentive payments to named

21  plaintiffs in class actions are permissible.  *See Staton*, 327 F.3d at 977; *see also*

22  *Rodriguez*, 563 F. 3d at 958-69 (finding that the payment of a service award is

23  "fairly typical in class actions").

24       Thus, the absence of any preferential treatment supports final approval.

25       **5.    Class Members' Reaction to the Proposed Settlement**

26       In evaluating the fairness, adequacy, and reasonableness of the settlement,

27  courts also consider the reaction of the class to the settlement.  *Molski v. Gleich*,

28  318 F.3d 937, 953 (9th Cir. 2003).  "It is established that the absence of a large

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

16

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528- 29 (C.D. Cal. 2004).

This factor also favors final approval. To date, no Class Members have objected to the Settlement. Cita Decl. at ¶ 10. Additionally, no Class Members have requested exclusion. *Id.* at ¶ 9. Given the overall positive reaction by Class Members to the Settlement, final approval is appropriate.

## V.   THE COURT SHOULD FINALLY CERTIFY THE CLASS FOR SETTLEMENT PURPOSES ONLY

A party seeking to certify a class must demonstrate that she has met the "four threshold requirements of Federal Rule of Procedure 23(a): (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation." *Levya v. Medline Indus, Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Once these prerequisites are satisfied, a court must consider whether the proposed class can be maintained under at least one of the requirements of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2548 (2011). Plaintiffs, here, seek certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Given that the elements of liability need not be proven and for settlement purposes, the proposed class satisfies each of these requirements. Indeed, in its Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the Court found, for settlement purposes only, that the class meets the requirements for certification under Rule 23. Dkt. 49, ¶ 3. The Court should not finally certify the class for settlement purposes only.

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

17

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

### 1.    The Proposed Class Is Sufficiently Numerous

The numerosity requirement is satisfied when "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  The numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least 40 members.  *Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010).  A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement.  *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992).  Here, the proposed class consists of approximately 3,433 persons.  Cita Decl. ¶¶ 5, 12.

Therefore, the class is sufficiently numerous so as to make joinder impracticable.

### 2.    Common Questions of Law and Fact Predominate

For settlement purposes, the commonality requirement is met.  In this regard, a plaintiff is *not* required to show that there is commonality on *every* factual and legal issue; instead, "for purposes of Rule 23(a)(2) even a single common question will do." *Wal-Mart Stores*, 131 S. Ct. at 2556 (int. quot. omitted).  Further, courts have found that "[t]he existence of shared legal issues with divergent factual predicates is sufficient, to satisfy commonality under Rule 23 as is a common core of salient facts coupled with disparate legal remedies within the class." *Smith v. Cardinal Logistics Mgmt. Corp.*, No. 07-2104 SC, 2008 WL 4156364, *5 (N.D. Cal. Sept. 5, 2008). Individualized or deviating facts will not preclude class treatment if most class members were subjected to a policy in a way that gives rise to consistent liability or lack thereof.  *See Arrendondo v. Delano Farms Co.*, No. CV F 09–1247 LJO DLB, 2011 WL 1486612, at *15 (E.D. Cal. Apr. 19, 2011).

Importantly, "whether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

1  unmanageable." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th

2  Cir. 2019); *see also Amchem Prods.,* 521 U.S. 591, 618-20 (1997).  Thus, where the

3  matter is being settled, a showing of manageability at trial is unnecessary. *Id*.

4      Under this relaxed standard for settlement purposes, the predominance

5  requirement is satisfied.  Plaintiffs and the Class Members' claims arise from

6  common, uniform practices which Plaintiffs contend applied to all Class Members

7  during the Class Period, and involve common questions of law and fact, including

8  but not limited to: (1) whether Defendants violated Labor Code section 204 by

9  failing to pay employees within seven days of the close of the payroll period; (2)

10  whether Defendants failed to provide employees with compliant meal periods; (3)

11  whether Defendants failed to authorize and permit employees to take rest breaks;

12  (4) whether Defendants willfully failed to pay all wages due to Class Members

13  upon separation; and (5) whether Class Members are entitled to penalties under

14  Labor Code section 226(e).   As Defendants' policies and practices, and the

15  questions of law and fact they raise, are the heart of this case and apply uniformly

16  to all Class Members, certification is appropriate.[7]

17      **3.    Plaintiffs' Claims Are Typical of Those of the Class**

18      The typicality requirement is satisfied where the named plaintiff is a member

19  of the proposed class and his or her claims are "reasonably coextensive with those

20  of the absent class members," though "they need not be substantially identical."

21  Fed. R. Civ. P. 23(a)(3); *Hanlon*, 150 F.3d at 1020; *Hanon v. Dataprods. Corp.*,

22  976 F.2d 497, 508 (9th Cir. 1992).  Typicality turns on "whether other members

23  have the same or similar injury, whether the action is based on conduct which is not

24  unique to the named plaintiffs, and whether other class members have been injured

25  _____

26  [7]  The Ninth Circuit recently confirmed in *In re Hyundai & Kia Fuel Economy Litigation* that the relaxed predominance standard is met where a settlement

27  concerns a "cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] alleged conduct.  926 F.3d at 559. Because this is not a matter wherein "individual stakes are high and disparities among class

28  members great," common questions predominate.  *Id.*

by the same course of conduct." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon*, 976 F.2d at 508).

Here, Plaintiffs and the Class Members all worked for Defendants as non-exempt employees in California, and Plaintiffs contend they were all subject to the same allegedly non-compliant policies and practices. For example, Plaintiffs allege that Defendants failed to pay all non-exempt employees in California until eight days after the close of the payroll period in violation of Labor Code section 204. In addition, Plaintiffs allege that Defendants failed to provide them and the Class Members lawful meal and rest breaks and associated premium pay, failed to timely pay wages and associated waiting time penalties, and failed to issue compliant wage statements which contained all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. As a result, Plaintiffs contend that they and the Class Members have suffered the same or similar injuries, resulting from the same or similar conduct by Defendants.

Thus, the proposed class satisfies the typicality requirement for settlement purposes.

### 4. Plaintiffs and Their Counsel Will Adequately Represent the Settlement Class Members

A class representative must be able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). Here, there are no conflicts between Plaintiffs and the Class Members. Plaintiffs have shown they will vigorously represent the interests of the Class Members and have sufficient resources to enable them to vigorously pursue the claims on behalf of the class. Adolph Decl. ¶ 35.

Furthermore. Plaintiffs' interests are aligned with those of the Class Members, as they seek payment for unpaid wages on behalf of the Class Members. *Id*. at ¶ 34. Class Counsel also does not have any conflict of interest with the Class Members. *Id*. at ¶ 33.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

Additionally, Class Counsel has extensive experience in prosecuting wage-and-hour class cases, and previously has been appointed as class counsel in numerous wage-and-hour actions. *Id*. at ¶¶ 24, 27. Plaintiffs and their counsel also have sufficient resources to enable them to vigorously pursue the claims on behalf of the class. *Id*. at ¶ 37.

Accordingly, the adequacy requirement is satisfied.

### 5.  A Class Action Is a Superior Method of Adjudication

Rule 23(b)(3)'s superiority requirement is satisfied where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency," or where "no reasonable alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). In the context of a class action settlement, "manageability is not a concern [because …] by definition, there will be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 556-67.

Accordingly, the class should be finally certified for settlement purposes.

## VI.  CONCLUSION

Based on the foregoing argument and authority, Plaintiffs respectfully requests that this Court grant final approval of the Settlement.

Dated:  June 30, 2020          **MATERN LAW GROUP, PC**


By:   */s/ Launa Adolph*
MATTHEW J. MATERN
LAUNA ADOLPH
DEANNA LEIFER
Attorneys for Plaintiffs

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

21

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT