JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MAURICIO PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ISLAND HOSPITALITY MANAGEMENT III, LLC, a Delaware limited liability company; ISLAND HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 18-4903-DMG (JPRx)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT [51] AND GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS [50]; FINAL JUDGMENT** |

Having considered all papers filed in connection with the Final Approval Hearing, including Plaintiffs Jose Mauricio Perez, Jamie Flemings, and Cody Taylor's (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement [Doc. # 51] and Motion for Attorneys' Fees and Costs and Class Representative Service Awards [Doc. # 50], statements made at the Final Approval Hearing, and upon good cause shown,

1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Order and Judgment ("Judgment"), adopts all defined terms as set forth in the Stipulation and Settlement of Class and Representative Action ("Stipulation") filed in this Action.

2. The Court has jurisdiction over all claims asserted in the Action, Plaintiffs, the Class Members, and Defendants Island Hospitality Management LLC, Island Hospitality Management II LLC, Island Hospitality Management III LLC, and Island Hospitality Management IV LLC (collectively, "Defendants").

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied in this case. The Court therefore certifies the Class for settlement purposes only.

4. The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate, and reasonable to all Class Members. No objections were submitted, which further supports the finding that the Settlement is fair, adequate, and reasonable. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

**Class Notice**

5. Notice to Class Members has been completed in conformity with the terms of the Stipulation and Preliminary Approval Order as to all Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Notice Packets provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement. The Notice Packets fully satisfied the requirements of due process.

## Objections and Requests for Exclusion

6. No objections to the Settlement were submitted by Class Members in accordance with the requirements set forth in the Stipulation and Notice of Class Action Settlement.

7. The Court finds that six Class Members submitted a valid and timely Request for Exclusion and therefore shall not be bound by the terms of the Stipulation. These Class Members are: Soojin Kim, Quynh Ly, Brenda Garcia Pineda, Gemma Esquivel, Cody Leon, and Andrea Leopoldo.

## Release of Claims and Injunction

8. Plaintiffs and all other Class Members shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Released Parties from the following Released Claims:

Any and all claims, debts, liabilities, demands, obligations, penalties, premium pay, guarantees, costs, expenses, attorney's fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, under any legal theory under federal and state law for any alleged failure to pay all wages due (including minimum wage and overtime wages), failure to pay for all hours worked (including off-the clock work), failure to provide meal and rest periods, failure to timely pay wages and final wages, failure to properly calculate the regular rate of pay, failure to reimburse business expenses, failure to furnish accurate wage statements including claims derivative and/or related to these claims, liquidated damages, conversion of wages, pre and post shift work and record-keeping violations, that were or could have been alleged in the Fourth Amended Complaint ("FAC"), up to and including the date of final approval by the Court. This Release shall include, all claims arising under the applicable regulations, Wage Orders and Labor Code, including sections 201, 202, 203, 204, 206, 210, 218, 218.5, 226, 226.3, 226.7, 227, 227.3, 510, 511, 512, 515, 517, 551, 552, 558, 1174, 1175, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, as well as claims under Business and

Professions Code section 17200 *et seq.*, and/or Labor Code section 2698 *et seq.* based on alleged violations of any of the above Labor Code provisions, and any other benefit claimed on account of the allegations asserted in the FAC.

9. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Certified Class, as listed in paragraph 6 of this Order, the Action is dismissed with prejudice. Class Counsel shall file a notice on the docket by **August 28, 2020**, clarifying whether the individuals listed in paragraph 6 fully intended to opt out from the Settlement Class. Thereafter, if necessary, the Court will issue an amended order consistent with the clarification.

## Payments Pursuant to the Stipulation

10. The Court finds that the Gross Class Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's Individual Settlement Payment are fair and reasonable, and authorizes the Settlement Administrator to pay the Individual Settlement Payments to the Class Members in accordance with the terms of the Stipulation.

11. If an Individual Settlement Payment check remains uncashed after 180 days from issuance, the Settlement Administrator shall pay over the amount represented by the Individual Settlement Payment check to the State Controller's Office Unclaimed Property Fund, with the identity of the Class Member to whom the funds belong. In such event, the Class Member shall nevertheless remain bound by the Settlement.

12. Plaintiffs shall each be paid a Class Representative Service Payment in the amount of $5,000.00 from the Gross Class Settlement Amount in accordance with the terms of the Stipulation. The Court finds this amount of be fair and reasonable and sufficiently supported.

13. Class Counsel's motion for attorneys' fees and costs is GRANTED IN PART insofar as the Court awards attorneys' fees in an amount equal to 30% of the common fund. Thus, Class Counsel shall be paid $330,000 as their attorneys' fees

and $35,000 for reimbursement of costs and expenses from the Gross Class Settlement Amount in accordance with the terms of the Stipulation. The Court finds these amounts to be fair and reasonable and sufficiently supported.

14. The California Labor and Workforce Development Agency shall be paid $75,000.00 as penalties under the Private Attorneys' General Act.

15. Simpluris, Inc. shall be paid Settlement Administration Costs in the amount of $22,150.00.

## Other Provisions

16. The Parties shall implement the Settlement according to its terms.

17. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiffs, the Class Members, and Defendants for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

18. The Court hereby enters judgment for Plaintiffs and the Class Members in accordance with the terms of the Stipulation, and this Order is a final and appealable Order.

19. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

IT IS SO ORDERED.

DATED: August 21, 2020

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE